WILLIAM GREENE, Appellant, v. CHARLES C. YOST, Respondent.

**Kansas City Court of Appeals, May 20, 1889.**

Appellate Practice: WEIGHING EVIDENCE. Where there are no objections to the declarations of law, and an examination discloses conflict of evidence, this court will not weigh the evidence.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Cook & Gossett,* for the appellant.

(1) (a) Where the ultimate facts are manifestly all before the appellate court being established by undisputed and unimpeached evidence, including the testimony of the defendant, it appears as a matter of law that the finding of the trial court or verdict of the jury should have been in favor of the party against whom it was rendered, the appellate court, although it is an action at law, will set aside the judgment and remand the cause for a new trial or with instructions to enter judgment as the case demands. *Speak v. Ely,* 22 Mo. App. 122; *Brown v. Bank,* 5 Mo. App. 1; *Hearne v.*

*Keath*, 68 Mo. 84; *Ackley v. Staehlin*, 56 Mo. 558; *Walter v. Ford*, 74 Mo. 195; *Henry v. Bell*, 75 Mo. 195. (*b*) And so, where in the same manner it appears that the declarations of law properly given at the request of the appellant are disregarded or overlooked in arriving at the finding or verdict, the judgment thereon can not stand. *Hearne v. Keath*, 63 Mo. 84; *Avery v. Fitzgerald*, 94 Mo. 207; *Whitsett v. Ransom*, 79 Mo. 258. (*c*) The testimony of a defendant when against himself constitutes an admission as fully as if embodied in his pleading. *Shirts v. Overjohn*, 60 Mo. 305 (*loc. cit.* 308). (2) Misrepresentation as to the ownership of property sold even for cash is a material misrepresentation. If the plaintiff at the time he purchased the interest in the land had known that not Carey, as the defendant's fraud had led him to believe, but the defendant himself was the vendor, he would not, after the action of defendant in forestalling him, have made the purchase, and incurred with the defendant the co-obligations of the Warder contract of sale involving the signing of joint notes and joint assumption of an existing indebtedness. It is material for the vendor to know the person, and his character, with whom he deals, especially in cases involving a relation regarded as confidential both in law and equity. It was the defendant's duty to inform the plaintiff, under the circumstances of the case, of his purchase for himself of Mr. Carey's interest in the land. *Ice Co. v. Potter*, 123 Mass. 28; *Manchester v. Howard*, 97 Mass. 303; *Hill v. Gray*, 1 Starkie, 434; 2 Eng. C. L. R. 168; *Grant v. Hardy*, 36 Wis. 668 (33 Wis. 668).

*Thomas & Buxton*, for the respondent.

(1) Appellant's first reason is only potent when the evidence, as to each material fact, was unimpeached

and the testimony undisputed.    What are the material
facts ?  It must appear to the court :   *First*.    That the
defendant has made a false representation of material
facts.    *Second*.    That he made the same with the
knowledge of its falsity.    *Third*.    That the plaintiff
was ignorant of its falsity and believed it to be true.
*Fourth*.    That it was made with the intent that it
should be acted upon.    *Fifth*.    That it was acted upon
to plaintiff's damage.    Bigelow on Torts, Student's
Series of 1878,   page 10 ; 54 Barbour, 34 ; 54 Barbour,
534.    None of these facts with the exception of the
" third " is undisputed.    The evidence is remarkably
conflicting.    (2)  The appellate court must assume that
the trial court found the facts correctly.    When the
facts are controverted and the evidence contradictory
the appellate court will consider the facts were correctly
found by the trial court.     *Waddell v. Williams*, 50 Mo.
216 ; *Moore v. Davis*, 51 Mo. 233 ; *Beck v. Pollard*, 55
Mo.  26 ;  *Davis  v.  Fox*,    59  Mo.  125 ;  *Cornet   v.*
*Bertelsmann*, 61 Mo. 118 ; *Hamilton v. Boggess*, 63
Mo. 233 ; *Whitsett v. Ransom*, 79 Mo. 258 ; *Mfg. Co.*
*v. Bank*, 14 Mo. App. 576; *Hughes & Dill v. Van*
*Stone*, 24 Mo. App. 637 ; *Wrecking Co. v. Carreras*, 26
Mo. App. 229 ; *Whitmeyer v. Dart*, 29 Mo. App. 565 ;
*Taylor v. Russell*, 8 Mo. 701–2 ; *Little v. Nelson*, 8 Mo.
709–10 ; *Polk v. State*, 10 Mo. 549.    (3) There is an abso-
lute failure of proof of plaintiff's case since the material
facts are not supported by evidence.    Where there is a
failure of proof of a material averment in the petition
there can be no recovery.    *Groll v. Tower*, 85 Mo. 249 ;
*Sims' Adm'r v. Kelsay*, 75 Mo. 68.    (4) A judgment
for defendant will not be disturbed when there is a
failure of proof of facts essential to plaintiff's recovery.
*Sims' Adm'r v. Kelsay*, 75 Mo. 68 ; *The State ex rel.*
*v. Tubbs*, 22 Mo. App. 91 ; *McAllister v. Williams*
23 Mo. App. 286.

*Cook & Gossett*, in reply for the appellant.

The correct rule in cases of this kind is, that where the "testimony offered in support of the allegations of the party who sustains the burden of proof is, if believed, sufficient to make out the case, and is clear and consistent with itself, delivered by an unimpeached witness, and no circumstance is developed tending to cast suspicion upon it, and no substantial countervailing evidence is offered by the other party, if the jury nevertheless disregard it and return a verdict against it, it will be the duty of the trial court, on the motion for new trial, and the appellate court, on appeal or error, to set it aside as being the result of a manifest mistake." And so if the verdict is in disregard of uncontroverted evidence. *Lionberger v. Pohlman*, 16 Mo. App. 392; *Hewitt v. Doherty*, 25 Mo. App. 327.

ELLISON, J.—The following petition gives a correct and plain statement of this action :

"Plaintiff William Greene for his amended petition against the defendant Charles C. Yost, states :

"That heretofore in the month of December, 1886, the defendant and one W. S. Carey with Lewis M. Berkley and Frank Ingram were the owners and holders of an equitable interest and estate in certain land in Jackson county, Missouri, namely :

"The northeast quarter of the northwest quarter of section 27, in township 49, of range 33, by virtue and reason of a certain contract in writing for the conveyance of said land made by George W. Warder with and in the names of Yost, Berkley, and Ingram for the benefit of themselves and said Carey.

"That said defendant Yost owned an undivided one-fourth of said interest and said W. S. Carey owned an undivided one-fourth thereof, also :

"That afterwards on or about the ———— day of December, 1886, the defendant herein came to plaintiff at Kansas City, Missouri, and stated to him that he, the defendant, had authority as real-estate broker and agent, which plaintiff alleges was his business at said time, to sell said interest of Carey in said land and contract of purchase for one thousand dollars and asked and advised plaintiff to purchase the same and become part owner of said land with defendant, assuming the obligations of Carey under said contract.

"That plaintiff was then sick and unable to leave his house and relied upon the statements of the defendant.

"That he then informed defendant and agreed with him as Carey's agent that he would pay said sum of one thousand dollars for his, said Carey's, interest.

"That defendant then left and went away ostensibly for the purpose of informing said Carey of plaintiff's desire and agreement to purchase said interest in said land, which agreement plaintiff alleges would have been complied with by said Carey.

"But that, intending to deceive and defraud the plaintiff, the defendant went to said Carey, and, without informing him of plaintiff's agreement to purchase said interest, he, the defendant, purchased the same for himself at a total cost and consideration including what he afterwards paid out on account thereof, of not more than one thousand dollars, all of which was unknown to plaintiff until after the occurrence of the facts hereinafter stated.

"That afterwards the defendant came back to the plaintiff and falsely represented to him, intending to deceive him, that said Carey would not sell his said interest for less than fifteen hundred dollars.

"That plaintiff relying on said false statements, and being ignorant of the contrary thereof, decided and

agreed to pay said sum for said interest, and, afterwards, being still uninformed, as aforesaid, on the thirteenth day of January, 1887, at Kansas City, Missouri, gave to defendant said sum of fifteen hundred dollars to pay the same for plaintiff to said Carey ; and that defendant received the same with that understanding knowing that plaintiff was ignorant of the falsity of his representations as aforesaid.

"But that notwithstanding his said statements he purchased said interest for himself from Carey for one thousand dollars, or less, as aforesaid and had the land transferred directly from said Warder to plaintiff for the purpose of deceiving him (whereof he was uninformed as aforesaid ), and appropriated the remaining five hundred dollars of the fifteen hundred given him by plaintiff as above stated to his own use and still retains the same, although often requested by plaintiff to return the same to him.

"Wherefore plaintiff was damaged in the sum of five hundred dollars for which and for costs he asks judgment."

The trial was had without a jury, and, the finding being for defendant, plaintiff appeals.

There is no objection urged as to declarations of law and the only complaint made is as to the finding of the court under the evidence. We have examined the evidence and find that it conflicts as to the points material for plaintiff to maintain his case. The reasons need not be again stated, nor the authorities cited, to sustain the proposition so often asserted, that we will not weigh the evidence given at the trial of a cause.

The judgment is affirmed. All concur.