SYBERT, Respondent, *vs.* JONES, Appellant.

1. A party sued upon a note, who relies upon the defence that it was given for a wager upon an election, under section 10 of the act concerning "gaming" (R. C. 1845) must state in his answer, not only that the election was one authorized by the constitution and laws of the state, but what particular election it was, between whom pending, &c., or he will be precluded from giving evidence on the subject.

*Appeal from St. Louis Law Commissioner's Court.*

*Cline* and *Thompson*, for appellant.
*A. H. Buckner*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action brought by Sybert, as indorsee of Charles H. Ashby, on a promissory note, against the defendant, Jones,

in the law commissioner's court. The defendant, in his answer, states that the note sued on was given on the 31st of July, 1852, by the defendant to said Ashby, "upon a bet made upon the August election, and was wholly without consideration, and that there was never any consideration for the same, which the above named plaintiff well knew at the time he received the same from said Ashby; that said note was transferred by the said Ashby to the said plaintiff, without valuable consideration and for the purpose of collection, &c. The plaintiff never paid any valuable consideration for said note and was well aware at the time of receiving the same, that it was given by said Jones upon a bet upon the August election of 1852, and wholly without any legal consideration."

Upon the trial, the defendant offered to prove that the note was given by him as a "bet or wager on the August election." The plaintiff objected to the introduction of evidence concerning any particular election, as the defendant's answer did not specifically refer to any; nor did it refer to any election authorized by the constitution and laws of the state of ·Missouri. The court sustained the objection, and rejected the testimony, and the defendant excepted. The defendant then offered to prove that the note was given as a bet or wager on the August election, 1852, for state and county officers; an election authorized by the constitution and laws of the state of Missouri. The plaintiff objected, and his objection was sustained, and the defendant excepted. The defendant then moved the court for permission to amend his answer, so as to state that said August election was an election authorized by the constitution and laws of the state of Missouri. The court overruled this motion, and refused to allow the amendment, to which the defendant also excepted. The defendant then offered to prove that said note was given as a bet or wager, and without consideration. The plaintiff objected; the court sustained the objection, and judgment being rendered on the note for the plaintiff, the defendant moved for a new trial, which was refused him, and he brings the case here by appeal.

The 10th section of the act concerning gaming, (R. C. 1845, p. 541,) declares that bets and wagers on any election authorized by the constitution and laws of this state are gaming, within the meaning of said act.

1. The answer does not state, specifically, what election was pending, nor does it set out the particulars of the bet, as between whom the election was pending, nor what the bet was about. The evidence offered was of too general a nature ; it did not help out the answer, nor, indeed, did the proposed amendment help the defence any. It was the duty of the defendant, who relied upon the statute of gaming, to state, specifically, the facts constituting the defence. If the note was given for a wagering consideration, rendered void by our act concerning gaming, he should have stated how it originated. If it was a wager upon an election authorized by our constitution and laws, he should have stated what election, between whom it was pending, and the particulars of the transaction. It is not sufficient to allege that the note was given for a bet or a wager on an election, nor on the August election of 1852, for state and county officers, which election was authorized by the constitution and laws of this state. The court below did right, then, to reject the offered evidence, and to refuse permission to amend the answer, when the amendment proposed would not have made the answer any better.

Loose as the present system of pleading under the practice act is, still the parties must state the facts constituting the cause of action and the defence ; and it will not answer to say in defence, that the note sued on was given on a bet or wager on the election.

The judgment of the court below is affirmed, the other judges concurring.