S. ADLER ET AL., Appellants, v. C. LANGE, Respondent; AND STATE OF MISSOURI TO THE USE OF H. L. EDMUNDS, ASSIGNEE OF C. LANGE, Respondent, v. S. ADLER ET AL., Appellants.

St. Louis Court of Appeals, April 6, 1886.

1. PRACTICE—OBJECTIONS TO EVIDENCE.—Objections to documentary evidence which do not distinctly specify the grounds of objection will be disregarded.

2. ASSIGNMENT—SUBSEQUENT ILLEGAL ACTS.—Illegal acts of parties to a deed of assignment, after the execution of the deed, do not, as matter of law, render the deed void.

3. ——— EVIDENCE—FRAUD.—Subsequent illegal acts of parties to a deed of assignment are proper to be submitted to the jury as evidence of fraudulent intent of the parties at the date of the execution of the deed.

4. PRACTICE.—A court sitting as a jury may properly refuse to instruct that the plaintiff is not entitled to recover, and yet find for the defendant.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

NATHAN FRANK and J. E. McKEIGHAN, for the appellants: The assignee permitted the assignor to sell without an order of court and without h ing filed an inventory. The provisions of the Revised Statutes, which require the assignee to file an inventory, and that the circuit court or judge thereof shall make an order for the sale of the property, are mandatory. *Jaffrey v. McGehee*, 107 U. S. 361: *Rice v. Frayser*, 24 Fed. Rep. 460. All the recent authorities hold that such a discretion in an assignee would invalidate the assignment. 52 Md. 211; 74 Ala. 598; 12 Wis. 391; 2 Black (U. S.) 532.

R. H. KERN and H. D. LAUGHLIN, for the respond-ents.

ROMBAUER, J., delivered the opinion of the court.

These two causes have been tried together by con-sent, under a stipulation that the evidence offered, as far as applicable, should be considered in each. Both ac-tions grow out of attachment proceedings instituted by Adler *et al.* against Lange. The first is the attachment proceeding proper, and its trial upon a plea in abate-ment filed by the attachment debtor Lange, and the next is a suit upon the attachment bond instituted by Edmunds, the statutory assignee of Lange, against Adler and others, parties to the attachment bond. The causes were tried without the intervention of a jury, and the trial court rendered judgment on the plea in abatement for the defendant, and in the action upon the bond for the plaintiff.

I. The issues tried on the plea in abatement were: Whether the defendant had fraudulently conveyed or assigned his property and effects, so as to hinder and delay his creditors, or had fraudulently concealed, re-moved, or disposed of his property or effects so as to hinder or delay his creditors, or whether the debt sued for was fraudulently contracted.

The testimony bearing on these issues tended to show that the defendant Lange was, on the ninth of December, 1884, indebted to the plaintiffs, and that such debt was recently contracted. That his aggregate indebt-edness to the plaintiffs and others, at that date, amounted to $26,000. That he was engaged in the retail shoe busi-ness, and that his property, being the stock of two shoe stores, was worth about $24,000. On the date above stated, Lange made an assignment of all his property, for the benefit of his creditors, to Edmunds. The memo-randum accompanying the deed of assignment stated the value of the property at $8,000. The assignee caused the

deed to be recorded the same day, and took possession of the property. He made and filed his bond the next succeeding day, and continued to sell the goods in the usual course of trade, until December 11, and up to the time when the property was attached, at the instance of Adler and others. These sales were made by the assignee without any previous order of the court, and prior to his making an inventory of the property. There was, also, evidence tending to show that Lange, the debtor, had stated upon a former examination that he made the assignment for the purpose of effecting a compromise with his creditors.

On the other hand, there was testimony tending to show that the assignee made these sales in good faith and for the best interest of the estate, and that they were subsequently approved by the court. Also, testimony tending to show that the assignee exercised exclusive control over the property from the date of the assignment, and that the debtor was not aware of the great discrepancy between the actual value of the property assigned, and its value as stated in the memorandum, as he kept no books.

This being substantially all the testimony bearing upon this issue, the defendant requested the court to instruct, as a matter of law, that the judgment must be for the defendant, on the plea in abatement. The court refused so to instruct, but found the issues for the defendant.

There was no error in this. The difference between the value of the goods, as stated in the memorandum, and their actual value, coupled with the debtor's statement touching his purpose in making the assignment, were evidence of a fraudulent intent on the part of the debtor in making the assignment. The defendant's instruction, therefore, was properly refused. Whether this inferential evidence of fraud was rebutted by the debtor's explanation of the circumstances under which the assignment was made, was a question of fact. The

finding of the court logically leads to the conclusion that it found that fact in favor of the defendant, and as the burden of proof on the issue of fraud was upon the plaintiff, we can not disturb that finding, even though it be opposed to the weight of the evidence.

II. As to the issues tried in the action upon the bond, the following points are made :

It is claimed, first, that the deed of assignment was void, because not acknowledged in the form required by statute. The deed, when offered in evidence, was objected to on the ground that "it was invalid," and the specific objection that the certificate of acknowledgment is defective is first made in this court.

The practice in this state is uniform and well settled that when objections are made to the admission of any documentary evidence, the objection must distinctly point out the particular defect complained of, and if they fail to do so, they may be disregarded. *McCartney v. Shepard*, 21 Mo. 573, 577; *Clark v. Conway*, 23 Mo. 438, 442; *Grimm v. Gamache*, 25 Mo. 42; *Buckley v. Knapp*, 48 Mo. 152, 164; *Margrave v. Ausmuss*, 51 Mo. 561, 564. The objection in this instance failed to do so, and might have been disregarded for that reason alone. Moreover, the certificate of acknowledgment was in substantial, if not literal, compliance with the statute, which is held to be sufficient. *Robson v. Thomas*, 55 Mo. 581, 583 ; *Oliver v. Morrison*, 63 Ill. 181.

It is next claimed that there was not such open, notorious, and visible change of possession of the goods as the statute requires in a case of sale, and, moreover, that the assignment was fraudulent because the assignee disposed of part of the property prior to making an inventory thereof, and without the court's order. These facts might have been properly submitted under appropriate instructions, as some evidence tending to show that the assignment was fraudulent in its inception. There is nothing in the case of *Goodwin v. Kerr* (80 Mo. 276), which prevents such a course. The appellants,

however, did not request the court to do this, but asked the court to declare, as a matter of law, that, owing to these acts, subsequent to the assignment, the assignment was fraudulent and void. Such is not the law of this state. It was decided in *Gates v. Labeaume* (19 Mo. 17), and re-affirmed in *Goodwin v. Kerr, supra*, that an assignment under the statute, valid in its creation, can not be invalidated by the subsequent fraudulent or illegal acts of the parties thereto.

There is no error in the record. All the judges concurring, the judgment is affirmed.