B. SCHMUCKER, ASSIGNEE, Respondent, v. BERNARD SPELBRINK, Appellant.

### St. Louis Court of Appeals, April 5, 1887.

1. PRACTICE—OBJECTIONS TO EVIDENCE.—Objections to the admission of documentary evidence may be disregarded unless the particular defects be specifically pointed out.

2. ———— ADMISSIONS.—Under evidence tending to show that the defendant admitted owing the plaintiff the debt sued for, an objection that the judgment is not supported by substantial evidence is frivolous.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

HENRY BOEMLER, for the appellant.

F. A. C. MACMANUS, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action for the recovery of rent, brought before a justice of the peace. The plaintiff had judgment in his favor, both before the justice and on trial anew in the circuit court. The defendant, appealing, assigns for error that the court admitted illegal evidence for the plaintiff, against the defendant's objection, and that the judgment is not supported by substantial evidence.

Upon the trial the plaintiff offered in evidence a lease of the premises from one Marstall to the defendant, with the following indorsement thereon :

"I hereby account and assign all my right and interest in the above leasehold property to B. Schmucker

as present holder of a certain lease of Mary H. Hitch-cock, containing fifty feet.

"North Second street. St. Louis, August 2, 1882.

"JOHN G. MARSTALL."

To the introduction of this lease and assignment, counsel for the defendant objected on the ground, that, "it is incompetent, irrelevant, and immaterial," which objection the court overruled, and this is the first error complained of.

"The practice in this state is uniform and well settled, that, when objections are made to the admission of any documentary evidence, the objections must distinctly point out the particular defect complained of, and if they fail to do so they may be disregarded." *Adler v. Lange*, 21 Mo. App. 519, and cases cited. As this was not done in the present instance, the defendant is in no position to complain. This disposes of his first point.

There was evidence tending to show that the amount sued for was admitted to be due by the defendant to the plaintiff, for the rent of the premises, and that the defendant had promised to pay it to the plaintiff. The defendant claimed that his son, whose name was the same as his own, was primarily liable for the rent, as he went into possession of the premises under the lease, and occupied them. The son admitted, on cross-examination, that he took possession of the premises on the order, authority, and by consent of his father. This disposes of the defendant's second point.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.