St. Louis Agl. & Mech. Ass'n v. Delano.

St. Louis Agricultural and Mechanical Association, Respondent, v. Rufus J. Delano *et al.*, Appellants.

St. Louis Court of Appeals, May 31, 1889.

1. **Practice, Appellate.** The validity of a contract cannot be questioned on appeal, if not first questioned in the trial court.

2. **Practice, Trial: PLEADING.** When a petition states a contract valid on its face, and extrinsic matter not appearing from the petition is relied upon as invalidating the contract, such matter must be pleaded in order to bring the validity of the contract into question.

3. **Statutes, Construction of.** Indulgence in athletic games and sports on Sunday is not prohibited by Revised Statutes, section 1578, which prohibits labor on Sunday, except works of necessity and charity.

4. **Practice, Trial.** Evidence, competent against one of several defendants but not against the others, must be admitted, but those against whom it is not competent may have its effect limited by instruction.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed, (*and certified to the supreme court.*)

*Rufus J. Delano, Chas. F. Joy* and *Jas. P. Kerr,* for the appellants.

The contract, even if it were entered into by defendants, is illegal and void, and could not be enforced, being a Sunday contract. Wag. Stat., secs. 1578, 1580, 1508; *Bernard v. Lupping,* 32 Mo. 341; *Guinn v. Railroad,* 20 Mo. App. 453; *Sheffield v. Balmer,* 52 Mo. 474; *De Forth v. Railroad,* 52 Wis. 329; *Robeson v. French,* 12 Met. 25; *Johnson v. Brown,* 13 Kan. 529. The evidence does not establish a contract

on the part of the defendants; no authority to bind them was shown. *Volger v. Ray,* 131 Mass. 439; *Page v. Snow,* 12 Cush. 443; *Barry v. Nuckolls,* 2 Humph. 324; *Richmond v. Judy,* 6 Mo. App. 467; *Sizer v. Daniels,* 66 Barb. 426; *Fleming v. Hector,* 2 M. & W. 171. The court erred in admitting in evidence for respondent the letter of Mr. Delano, written as an attorney, long after the meeting; that said letter was written in connection with a compromise and adjustment of a claim which was not admitted therein to be correct; it could not be a ratification at that time, and, further, that said letter influenced the court.

*Chas. S. Taussig,* for the respondent.

All members of the defendant association who were parties to the contract, assented thereto or ratified the same, are liable in this action. *Ferris v. Thaw,* 5 Mo. App. 279; s. c., 72 Mo. 446; *Heath v. Goslin,* 80 Mo. 310; *Blakely v. Bennecke,* 59 Mo. 193; *Richmond v. Judy,* 6 Mo. App. 469. The contract made was essentially necessary to the furtherance of the objects of the association, and all members were presumptively bound. *Richmond v. Judy,* 6 Mo. App. 468; *Sizer v. Daniels,* 66 Barb. 426. A principal is bound by the acts of his agent within the scope of his apparent authority, although the agent's acts are in violation of the undisclosed limitations of his authority. *Sumner v. Saunders,* 51 Mo. 89; *Baker v. Railroad,* 91 Mo. 152; *Brownfield v. Ins. Co.,* 26 Mo. App. 390; *Jackson v. Ins. Co.,* 27 Mo. App. 62; *Kinealy v. Burd,* 9 Mo. App. 359. The contract was not in violation of the laws against Sabbath breaking. *More v. Clymer,* 12 Mo. App. 11; *Kaufman v. Ham,* 30 Mo. 387; *Glover v. Cheatham,* 19 Mo. App. 656; *State v. Carpenter,* 62 Mo. 594; *People v. Dennin,* 35 Hun. 327; *St. Louis v. Laughlin,* 49 Mo. 559; *Knox City v. Thompson,* 19 Mo. App. 523; *Sandiman v. Breach,* 7 Barn. and Cress. 96.

The invalidity or illegality of a contract must be pleaded; it cannot be shown under a general denial. *Cummiskey v. Williams*, 20 Mo. App. 606; *Sybert v. Jones*, 19 Mo. 86; *Musser v. Adler*, 86 Mo. 445; *Moore v. Ringo*, 82 Mo 469. An appellate court will not consider a defense not relied upon at the trial and not pleaded by the defendants. *Wheeler v. Ins. Co.*, 6 Mo. App. 241; *Walker v. Owen*, 79 Mo. 568; *Barker v. Berry*, 8 Mo. App. 446.

THOMPSON, J., delivered the opinion of the court.

The petition states that the plaintiff "is a corporation, incorporated under the laws of the state of Missouri, and that the defendants, together with persons unknown to the plaintiff, are and were at the times hereinafter stated members of a voluntary association known as the Amateur Athletic Association of St. Louis ; that the purpose of said association is to develop and encourage athletic games and sports. The plaintiff further states that it is the owner of a parcel of ground in the city of St. Louis, generally known and designated as the St. Louis Fair Grounds, which parcel of ground is bounded on the east by Grand avenue, on the south by the Natural Bridge road, on the west by Fair avenue, and on the north by Kossuth avenue, in the city of St. Louis. Plaintiff further states that on or about Wednesday, the seventh day of September, 1887, the said association, and defendants as members thereof, proposed to plaintiff to rent from the plaintiff the premises above described, to be used by its members and other persons invited by them, on Sunday, the twenty-fifth day of September, 1887, for the athletic games and other purposes of said association. Plaintiff further states that, in pursuance of such proposal, it did, on or about the seventh day of September, 1887, let and rent to said association and the defendants, as members thereof, the premises aforesaid, to-wit, the said fair grounds and a structure erected thereon known as the

amphitheater, for one day, to-wit, the twenty-fifth day of September, 1887, in consideration of the agreement of said Amateur Athletic Association and of the defendants, members thereof, to pay to said plaintiff the sum of one thousand dollars in cash for the use of said premises on said last-mentioned day. Plaintiff states that said Amateur Athletic Association, and said defendants as members thereof, did use and occupy the said premises on the said twenty-fifth day of September, 1887, in accordance with said agreement, but they have failed to pay to said plaintiff the said sum of one thousand dollars, although payment thereof has been duly demanded of them on the first day of October, 1887. Wherefore plaintiff asks judgment," etc.

The defendants answer by a general denial. A trial was had before the court sitting as a jury, which resulted in a finding and judgment in favor of the plaintiff in the sum of ten hundred and thirty-five dollars. Four of the defendants, Delano, Parrish, Skerrett and Sievers, prosecute this appeal. They assign for error at the outset that the contract sued on is illegal and void, because it involved a letting of the plaintiff's grounds for games which were to be performed on Sunday, and for work which was to be done on Sunday. In response to this assignment of error, the respondent directs our attention to the fact, that this defense was not raised in the trial court at any stage of the proceedings, either by the answer or by a request for instructions. The defendants, by way of rejoinder, claim that the question arises upon the face of the petition, and hence that it is available on error or appeal; since, if the petition counts upon a void contract, it does not state a cause of action. Undoubtedly, if the contract, as described in the petition, directly involved the doing of something prohibited by law, the petition fails to state a cause of action, and this objection is available at any time, and may be made for the first time in an appellate court. But, if the petition states a contract

valid on its face, or valid as therein described, but which may nevertheless be invalid by reason of something arising upon extrinsic evidence, or by reason of the contract as proved at the trial being different from the contract as alleged in the petition,—then, in order to bring the question of the invalidity of the contract under review on error or appeal, that question must have been raised in the trial court; because it is a well settled rule of procedure that a case cannot be tried or defended upon one theory in the trial court, and upon another in the appellate court. And, in general, if the petition states a contract valid on its face, but which may be invalid by reason of some extrinsic matter, that extrinsic matter must be pleaded in order to make it an issuable question at the trial, and in order to make it a question which can be considered upon appeal. *Cummiskey v. Williams*, 20 Mo. App. 606 ; *Sybert v. Jones*, 19 Mo. 86. Unless, therefore, this question arises on the face of the petition, it is not before us for consideration, for it does not appear to have been raised by the defendants in any form in the trial court.

The petition states, "that the purpose of said association is to develop and encourage athletic games and sports." It further states that the purpose for which the fair grounds were rented to the defendants was, "to be used by its members and other persons to be invited by them, on Sunday, the twenty-fifth day of September, 1887, for the athletic games and other sports of said association." It states that the defendants "did use and occupy the said premises on the said twenty-fifth day of September, 1887, in accordance with said agreement." Unless, therefore, we have some statute prohibiting "athletic games and sports" on Sunday, this petition is not bad by reason of the fact that it counts on a contract involving the doing of some prohibited act. No statute has been pointed out to us which prohibits in terms an exhibition of athletic games and sports on Sunday, and we know of the existence of no such

statute. Section 1578 of the Revised Statutes prohibits *labor* on Sunday, except works of necessity and charity; but this petition does not imply that any labor was necessarily to be done upon the grounds let by the plaintiff to the defendants on the day named. Section 1580 prohibits horse-racing, cock-fighting, or playing at cards *or games of any kind* on the first day of the week commonly called Sunday; but this court is of opinion that this prohibition is against games of chance or other games of an immoral tendency, and that it does not involve a prohibition of athletic games or sports, which are not of an immoral tendency, but which tend to the physical development of the youth, and are rather to be encouraged than discouraged. Penal statutes are to be construed strictly. It is an established principle of construction that where general words follow particular ones, they are to be construed as applicable to the things or persons particularly named ( *City of St. Louis v. Laughlin*, 49 Mo. 559, 563); or, as it is sometimes expressed, "where general words follow particular ones, the rule is to construe them as applicable to persons *ejusdem generis.*" Lord TENDERDEN, in *Sandiman v. Breach*, 7 Barn. & Cres. 96—a case which well illustrates the principle in its application to a statute prohibiting work and labor on Sunday. This rule of interpretation is sometimes expressed in the maxim *noscitur a sociis*, the meaning being that a word shall be known by the character of its companions. In *Knox City v. Thompson*, 19 Mo. App. 523, 526, the rule is stated and illustrated. In a recent work of great merit the word "game" is defined to be "a device or play, the terms of which are that the winner shall receive something of value from the loser; the act of playing a game for stakes." Anderson Law. Dict., *verb*—game. In *Portis v. State*, 27 Ark. 362, gaming is said to be "the risking of money between two or more persons, on a contest or chance of any kind, where one must be the loser and the other must be the gainer." Many other decisions

emphasize the principle that, by the words, game and gaming, are understood the playing or contesting at something which depends upon *chance*, or in which chance is an element. *Bew v. Harston*, L. R. 3 Q. B. Div. 456; *Bell v. State*, 5 Sneed. (Tenn.) 509. The word game is no doubt susceptible of being used in a sense large enough to embrace any contrivance or institution intended to furnish sport, recreation or amusement. But this is not its usually understood meaning when employed in a statute which constitutes it an indictable offense. In such a case it is usually understood to imply some species of gambling. 2 Whart. Crim. Law., sec. 1465*b*.

We are, therefore, of opinion that the "games" prohibited by section 1580 of the Revised Statutes are gambling games, and not athletic games and sports, and consequently that this petition does not predicate a right of recovery upon a contract involving the doing of a prohibited act. If there was evidence tending to show that the contract was necessarily executed in such a manner as to involve the doing on Sunday of acts prohibited on that day, that, as we have already stated, was matter which we cannot consider, because it was in no manner brought to the attention of the court below.

II. The next assignment of error relates to the defendants Delano and Parrish. It is, that there was evidence to support the verdict as against them. It is to be observed, with reference to this assignment of error, that there was no evidence of the constitution or by-laws of the voluntary association known as the Amateur Athletic Association, which was the body in behalf of which the fair grounds were rented for the day in question. There was, therefore, no evidence of an authority on the part of all the members of the association to the board of directors as a body, or to the members of the association who negotiated the contract in question, to bind all the members of the club by such a contract. Such being the case, the liability of any one of

the defendants must rest upon one or more of three grounds :   (1) That the particular defendant bound himself by the contract; or (2) that he authorized some other person to bind him by it; or (3) that he ratified it after it was made by some other person purporting to act in his behalf.    It was upon this principle that the court tried and decided the case, as shown by the declarations of law given.

It should also be stated, to make this assignment of error clear, that there is no controversy about the fact that *a contract* was made by *some of the defendants*, who claimed to act for the Amateur Athletic Association, with the plaintiff, through Mr. Green, its president, for the renting of the ground to the association on Sunday, the twenty-fifth of September, 1887, for an exhibition of athletic games and sports intended by the association.    There is no controversy that the grounds were thus used by the association, and that neither the association, nor any of the defendants, have paid the plaintiff anything for the use of them.    The controversy is as to what the contract really was.    The plaintiff's version of the contract, supported by its evidence, roughly stated, is that the plaintiff made to the defendant two alternative propositions :    (1) To rent the grounds to the association on the day stated for the round sum of one thousand dollars, or (2) to rent it to them for one-half of the gate money.    According to the plaintiff's evidence, the defendants accepted the former proposition.    On the other hand, the defendants' version of the contract was that Mr. Green, acting for plaintiff, made to certain representatives of the association the following alternative propositions :    (1) To rent the grounds to them on the day named for one thousand dollars *of the gate money*, the balance to go to the club; or (2) to rent it to them for one-half of the gate money. The defendants' evidence also tended to show that the association accepted the first of these propositions, as they are thus stated.

We understand that there is no controversy about the further fact that it was understood between the parties that, if it should rain on the day on which the grounds were let to the association, so that the exhibition proposed by the association should not take place, nothing was to be charged for the grounds.

It is thus seen that the substantial controversy of fact between the parties was as to the nature of the first proposition which Mr. Green made to them, and which they accepted. The learned judge of the trial court gave an opinion, or rather a memorandum of his reasons, for deciding this question of fact in favor of the plaintiff. He found that the positions of the opposing parties were supported by the evidence of witnesses equally credible. But he gave weight to the undisputed fact, that, instead of turning over the gate money (which was less than one thousand dollars) to the plaintiff, all of which belonged to it under the terms of the contract, as the defendants stated it, the treasurer of the club deposited it in a bank, and it was all checked out and disbursed for other expenses of the club. This circumstance was certainly entitled to great weight. These gentlemen, members of this club, were honest men. If the contract was as they claim it to have been, the gate money, to the extent of one thousand dollars, belonged the plaintiff. If it came into their hands, they held it in trust for the plaintiff. If a contract is made to pay a debt out of a particular fund, the contract impresses with the nature of a trust so much of the fund as is necessary to pay the debt, and, if the whole fund would be required to discharge the debt, the whole is by the contract impressed with the character of a trust fund; in other words it belongs to the creditor. These views would seem to justify the finding of the trial court as against such of the defendants as made the contract, or authorized others to make it, or ratified it after it was made. The question remains whether Mr. Delano and Mr. Parrish were of these defendants.

Mr. Delano was president of the club. He was present at the interview which took place between Mr. Green, as president of the plaintiff corporation, and several of the defendants who professed to act for the club, at which interview the contract was made. Whatever proposition was then made by Mr. Green,—whether it was the proposition as Mr. Green understood it, or whether it was the proposition as the defendant understood it,—Mr. Delano heard it. Then, after the proposition had been accepted by a vote of the directors of the club, Mr. Delano visited Mr. Green and endeavored to get better terms for the club. He testifies that when he made this visit he still understood Mr. Green's first proposition, which the club had accepted, to be one thousand dollars out of the gate money. But the fact remains that he was one of the negotiators of this contract, and also that he was present at the exhibition and distributed the prizes in his character of president of of the club; and hence, whatever the contract was, it was binding upon him, either upon the theory of having originally made it, or having ratified it with knowledge.

The court has found what it was, in accordance with what seems to be a preponderance of the evidence. This being an action at law, we are not, however, concerned with the question, whether there is a preponderance of evidence supporting the conclusion of the court; it is enough for us to see that it is supported by substantial evidence, and of this there is no doubt.

Then as to the liability of Mr. Parrish, under the evidence. It should be stated that the evidence tends to show that Mr. Parrish was also present at the meeting at which the two alternative propositions were made by Mr. Green. The testimony of one of the plaintiff's witnesses, also, is to the effect that Mr. Parrish stated to him that he understood that the club had accepted the one-thousand-dollar proposition,—that is, the first proposition which Mr. Green made. Mr. Parrish was

also present at the exhibition. These facts, we think, justify the court in concluding that he was affected with a knowledge of the terms of the contract, whatever it was, and also that he ratified it with knowledge of its terms.

III. It is also assigned for error that against, the objection of the defendants, the court admitted in evidence the following letter:

"RUFUS J. DELANO, Attorney at Law,  
"S. E. COR. FIFTH AND OLIVE STS.,

"ST. LOUIS, October 28, 1887.
"*Chas. Green, Esq., St. Louis, Mo.*

"DEAR SIR:—In reference to the adjustment of whatever sum of money it may be found is owing to you on account of the Sunday meeting and contract of the St. L. A. A. Club at the fair grounds, I will state that it has taken the athletic association some time to get in the accounts of the sale of tickets by their members, and, therefore, until the last few days the club has not known their financial standing. I have been very busy in the past few days; therefore, I have not been able to call on you; I will do so to-morrow or Monday. I might as well speak plainly in saying that there is strong dissatisfaction upon the part of the club as to various representations made by you in reference to the grounds, average Sunday receipts, etc., which will necessarily cut a figure in the adjustment of the amount due by the club.

"They desire to pay what they justly owe.

"Respectfully,

"RUFUS J. DELANO."

This letter was objected to upon the grounds that it appears to have been written in regard to an offer of compromise of the claim in dispute, and that it is incompetent, immaterial and irrelevant. So much of the objection as challenges it on the general grounds of its being "incompetent, immaterial and irrelevant,"

may be laid out of view, because it did not direct the attention of the court to the respect wherein it was challenged as either incompetent, immaterial or irrelevant. It has often been held that objections of this general character are unavailing. *Ecton v. Continental Ins. Co.*, 32 Mo. App. 53; *Schmucker v. Spelbrink*, 25 Mo. App. 356; *Taussig v. Schields*, 26 Mo. App. 323; *Bank v. Westlake*, 21 Mo. App. 569, 572; *Johnson v. Railroad*, 22 Mo. App. 600. The objection that it was written in relation to an offer of compromise was not well taken. There was clearly nothing on its face which imported this, nor was it shown by extrinsic evidence that such an offer was pending, or proposed, at the time when the letter was written. It was admissible, on any theory, against the defendant Delano, and, although it may not have been binding upon such of his co-defendants as he did not represent, the fact that it was admissible as against him warranted its introduction in evidence. The defendants against whom it was not admissible might have had its effect limited by an instruction, if they had so desired. An instrument of evidence which is admissible as against one defendant cannot be ruled out entirely on the ground that it is not admissible as against a co-defendant.

IV. These are all the assignments of error which have been argued in the printed statements and briefs submitted. Among the appellants' "points" there is a fourth point stated, namely, that the court erred in refusing certain instructions and in giving certain others. In the absence of any argument of this point, we think it sufficient to say that an examination of the declarations of law which were given shows that the court tried the cause on the proper theory. As the instructions are not numbered in the record, we do not really know to what instructions the defendants refer in the statement of this point, and we shall, therefore, dismiss the subject.

The judgment will be affirmed. But the decision

St. Louis-Agl. & Mech. Ass'n v. Delano.

of this court being opposed to the decision of the Kansas City court of appeals in the unreported case of *State v. Williams*, it is ordered that this case be certified to the supreme court for final disposition, in pursuance of the constitutional mandate. Judge BIGGS concurs. Judge ROMBAUER does not sit.

### CONCURRING OPINION.

BIGGS, J.—I think the letter from R. J. Delano to Charles Green, the president of plaintiff, was properly read in evidence, but I cannot agree with Judge THOMPSON that the objections made by the defendants to its admission were not sufficient.

If there was any *special* objection to be urged, then it was the duty of the defendants to point it out, and if they failed to do so, such an objection could not be urged in the appellate court. *Buckley v. Knapp*, 48 Mo. 152; *Adler v. Lang*, 21 Mo. App. 519. But when the objection goes to the subject-matter of the testimony offered as "immaterial and irrelevant," I think the general objection is sufficient.

It is impossible in many cases to specify or point out wherein testimony in a given case is "incompetent, immaterial and irrelevant" without going into an examination and full discussion of the pleadings. Such an objection is fair to the opposite party and to the trial court, for the reason that the pleadings determine the issues to be tried, and the validity of such an objection must be determined from an inspection of the issues. If the evidence offered has no tendency to prove or disprove any issue in the case, then it may be said that it is "incompetent, irrelevant and immaterial." The means afforded for the determination of such a question is a matter of record and open to all.

The letter was competent and relevant testimony against the defendant Delano, and hence the court did right in disregarding defendants' objection.

In all other matters, I concur in the opinion as written.