ED. KING, Appellant, v. GREVES & RUFF, Respondents.

Kansas City Court of Appeals, November 10, 1890.

1. **Construction: CONDITIONAL SALE OR MORTGAGE: RULE.** When the question is, whether the instrument is a conditional sale or a mortgage, whatever doubts there may be should be resolved in favor of the theory of the instrument's being a mortgage.

2. —————: SALE OR MORTGAGE. Where the issue is whether an instrument, absolute on its face, is an absolute conveyance or a mortgage, doubts should be resolved in favor of the letter of the conveyance.

3. —————: SALE, MORTGAGE OR CONDITIONAL SALE. Even though the issue is whether the instrument be an absolute deed as on its face, or a mortgage, and the evidence is conclusive as to its not being absolute, but doubtful as to whether it was a conditional sale or a mortgage, the doubt should be resolved in favor of its being a mortgage.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*J. P. Orr* and *Samuel P. Sparks*, for appellant.

(1) The question whether the transaction, was a mortgage or an absolute conveyance is to be determined

by what took place at the inception of the instrument. All the authorities agree to this proposition. *Bender v. Markle*, 37 Mo. App. 235. ( 2 ) The proof to convert an absolute deed into an equitable mortgage must be clear, decisive and beyond the realm of a doubt. *Turner v. Kerr*, 44 Mo. 529. ( 3 ) The court erred in giving a peremptory instruction to the jury that the plaintiff could not recover. A demurrer to the evidence not only admits all the facts, testified to, to be true ; but every reasonable inference that the jury might draw from the facts is evidence against the demurrant. *Wilson v. Board of Ed.*, 63 Mo. 137 ; *Brink v. Railroad*, 17 Mo. App. 177 ; *Fisher v. Railroad*, 23 Mo. App. 201 ; *Noeninger v. Vogt*, 88 Mo. 589. There is not a scintilla of evidence tending to establish that the absolute conveyance to appellant was either a mortgage or a conditional sale. ( 4 ) The court erroneously applied the doctrine ( of universal recognition ) : "That where there is a doubt as to whether a transaction is a conditional sale or mortgage the courts will incline in favor of the mortgage," to the case of an absolute sale, and so stated, at the time of sustaining the demurrer to the evidence, that he was bound to incline in favor of a mortgage, the matter being in some doubt in his mind as to what the parties really intended.

*O. L. Houts*, for respondents.

( 1 ) This transaction, as disclosed by plaintiff's evidence, was a pledge or conditional sale of personal property intended by the parties as security for debt, and was therefore a mortgage, and not an absolute sale. *Rosenthal v. Frank & Dyer*, 37 Mo. App. 278 ; *Imp. Co. v. Thurman*, 29 Mo. App. 186 ; *Mills v. Williams*, 31 Mo. App. 447 ; *Bender v. Markle*, 37 Mo. App. 234 ; *O'Neill v. Capelle*, 62 Mo. 202. ( 2 ) This instrument, though absolute on its face, conveying the wheat, was properly shown in an action at law, by parol evidence,

to have been intended as security for a debt—a mortgage. *Newell v. Keller*, 13 Mo. App. 189 ; *O'Neill v. Capelle*, 62 Mo. 202 ; *Mfg. Co. v. Steel & Walker*, 36 Mo. App. 496.

ELLISON, J.—One Inskeep was plaintiff's debtor in the sum of $709.83. Plaintiff, hearing that he was becoming embarrassed and that executions were being levied upon his property, went to him, either to have him pay or secure his claim. As the result of their meeting and conference, the following instrument was drawn and signed :

"KANSAS CITY, Mo., November 17, 1886.

"Know all men by these presents : That I, J. B. Inskeep, do, on this day and date, in consideration of the sum of $709.83, sell, transfer and deliver to E. King all my right, title and interest in two hundred and thirty-five acres of wheat now growing on the King and French lands, in Kingsville township, Johnson county, Missouri.                                    J. B. INSKEEP."

The question before the trial court was, was this instrument, considered with the evidence, an absolute bill of sale, or a mortgage ? If a mortgage, it seems to be conceded to be void, as to these defendants who purchased the property, as it was not acknowledged or recorded. The circuit court gave a peremptory instruction for defendants at the close of plaintiff's case, and he appeals.

We are satisfied the cause was disposed of on a theory inapplicable to the issue in the cause. Whatever doubt there may be as to the character of the transaction has been resolved in favor of the theory of the instrument's being a mortgage. Such principle of law is applicable when the issue is, whether the instrument is a conditional sale or mortgage. *Bender v. Markle*, 37 Mo. App. 284, and authorities cited therein. So that, if in such case the evidence leaves it in doubt whether an instrument was intended as a conditional sale or a mortgage, it will be held to be a mortgage.

But the reverse of this is the rule where the issue is whether an instrument, absolute on its face, is an absolute conveyance or a mortgage. If, on such issue, the matter is in doubt, I should say the matter would be resolved in favor of the letter of the conveyance. For, before such an instrument can be overthrown and declared to be something different from its terms, the proof should be of a cogent and conclusive character, leaving no room for reasonable doubt. *Wesley v. Dryden*, 57 Mo. 226 ; *Eystra v. Capelle*, 61 Mo. 578 ; Jones Chat. Morg., sec. 22. It is well enough to add, though it would doubtless be understood, that, even though the issue is whether the instrument be an absolute deed, as expressed on its face, or a mortgage, and the evidence conclusively and unequivocally shows it not to be absolute, but leaves it in doubt whether it was a conditional sale or a mortgage, the doubt would here, also, be resolved in favor of its being a mortgage. Defendant cites to us the case of *O'Neill v. Capelle*, 62 Mo. 202. That case only corroborates what we here say. Judge SHERWOOD said of the evidence in that case, that not the slightest doubt existed, and "that a plainer or stronger case never invoked equitable interposition."

The case should be tried with reference to the views herein expressed, and will be reversed and remanded for that purpose. All concur.