NEWMAN E. SAID *et al.*, Appellants, v. WILLIAM H. STROMBERG, Respondent.

St. Louis Court of Appeals, December 5, 1893.

1. **Contracts, Validity of:** EXTRA–TERRITORIAL EFFECT OF SUNDAY LAWS. Our statutes against the performance of labor on Sunday have no extra-territorial effect, and, therefore, do not invalidate a contract which is made in this state, but is wholly to be performed beyond its limits.

2. **Validity at Common Law of Contract for Work on Sunday.** A contract for work and the transaction of business on a Sunday is not invalid at common law.

3. **Evidence:** JUDICIAL COGNIZANCE OF FACTS. Courts will notice judicially on what day of the week a given date fell.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*W. C. Bragg* for appellants.

No proof of the statute law of Illinois having been offered, the disposition of this cause must be governed by the common law, and at common law the contract sued upon was not invalid. *Rawlins v. West Derby,* 2 C. B., 72–80; *Bloxsome v. Williams,* 3 B. & C., 232; *Merrett & Earle,* 31 Barb. 40; 2 Parsons on Contracts, p. 757; 17 Am. Law Reg., p. 281.

*Frank A. C. McManus* for respondent.

ROMBAUER, P. J.—Touching the facts of this case there is no controversy. The plaintiffs, who had formed an association to conduct summer excursions on railroad trains running from the city of St. Louis, entered into the following contract with the defendant:

"St. Louis, Mo., June 16, 1892.

"We, the undersigned, do hereby sell the bar privileges on our railroad excursion to Cereal Springs, Ill., Sunday, June 26, 1892, to Mr. W. H. Stromberg, for the sum of $70, the baggage car to be put in middle of train; otherwise, only $60. No gambling device allowed. All privileges allowed such as Mr. Stromberg may see fit to carry, except as above mentioned.

"N. E. SAID, Chairman Winona Club."

"St. Louis, June 16, 1892.

"Received this day of W. H. Stromberg, on account of bar privileges to Cereal Springs, Sunday, June 26, twenty dollars ($20).

"N. E. SAID, Chairman Winona Club."

On Sunday, June 26, defendant's outfit was loaded into a baggage car in the city of St. Louis, the door locked by Said, and the key retained by him until the car reached East St. Louis, in the state of Illinois. The excursion train started from the latter place. The

defendant never paid the balance of $50. There was no evidence in the case, either direct or inferential, to the effect that any part of the contract was to be performed in the state of Missouri, nor was there any evidence that the contract contemplated a violation of the statute laws of the state of Illinois, since the statute laws of that state were not in evidence.     ·

This being all the evidence, the court, upon plaintiffs' request, first declared the law to be:

"1. If a contract can be performed without any violation of law, it is a legal presumption that it will be so performed; or, at least, there is no presumption that it will not be so performed.     ·

"2. The burden is on him who seeks to show the invalidity of a contract, which is valid according to its expressed terms."

"3. Before the contract in suit can be declared void for illegality, it must be shown that a performance of it would be unlawful in the state where it was to be performed."

The court then rendered a judgment for the defendant, whereupon plaintiffs took this appeal.

We are at a loss to see how this judgment can be sustained. The declarations of law made by the court are unquestionably correct, and, when applied to the uncontroverted evidence, would logically result in a judgment for plaintiff. *Sheffield v. Balmer*, 52 Mo. 475; *St. Louis Agr. & Mech. Ass'n v. Delano*, 37 Mo. App. 284; affirmed, 108 Mo. 217. There is nothing, either upon the face of the paper or in the evidence, to show that the contract, or any part thereof, was to be performed on Sunday in the state of Missouri. Our statutes touching the illegality of a sale of goods, or performance of labor on Sunday, have no extra-territorial force. As the statute law of the state of Illinois touching Sunday labor and sales was not in evidence,

that law, as far as it rests on statute, is not proved. On the other hand, if the question is one to be determined by the common law, there would be no illegality in the sale or labor; because, while the common law declared that no judicial act could be legally performed on Sunday, as to all other acts it made no distinction between Sunday and other days of the week.  2 Parsons on Contracts [7 Ed.], 757, note *n*, and *c. c.*  We take judicial notice of the fact that the sixteenth day of June, 1892, when the written contract was made and delivered, fell on a Thursday.

It results that the judgment must be reversed and the cause remanded.  All the judges concur.