PUBLISHERS; GEORGE KNAPP AND COMPANY, Respondent, v. JERRY CULBERTSON et al., Appellants.

### Kansas City Court of Appeals, November 7, 1910.

1. CONTRACTS: Sunday Labor. Defendants contracted for advertisements in the Sunday editions of the St. Louis *Republic*. Four editions were issued for every Sunday. No Sunday labor was expended on the first two editions, but on the last two the press, mailing and delivery work were performed on Sunday. *Held*, that as these contracts called for work on Sunday in violation of section 4801, Revised Statutes 1909, which makes such work a criminal offense, they were void as being contrary to public policy and public morals.

2. ———: ———: Pleading. The illegality of the contracts may be raised at any stage of the action whether or not it appears on the face of the petition. The courts will not lend their aid to the enforcement of contracts for the violation of criminal laws, and wherever it developes in the course of procedure that the action is predicated on a contract of that nature, it becomes the duty of the court, on its own motion, if necessary, to stop the proceedings and leave the parties where it found them.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED.

*L. N. Dempsey* and *Charles W. Sloan* for appellants.

(1) Plaintiff's petition stated no cause of action for the reason that it showed on its face that the con-

tract relied on and for recovery in both counts of petition showed expressly that it called for work to be done on Sunday, which was in express violation of the statutes. See sec. 2240 and 2243, R. S. 1899. The court will take judicial notice that the 12th and 19th of April, 1908, were both on Sunday. Taylor on Ev., sec. 14; 8 Am. and Eng. Ency. Law (2 Ed.), 734; 17 Am. and Eng. Ency. Law (2 Ed.), 904; Bliss Code Pleading, sec. 191; Said v. Stormberg, 55 Mo. App. 441; Jordan v. Railway, 92 Mo. App. 84. And the objection that petition does not state a cause of action can be raised for the first time in the appellate court. Agricultural Association v. De Lano, 37 Mo. App. 284; Railroad v. Carlisle, 94 Mo. App. 166; Orchard v. Bank, 121 Mo. App. 338; Maginn v. Schmick, 127 Mo. App. 417. (2) The uncontradicted evidence in the case showed that the contract for the advertisement was performed on Sundays and was void. And the judgment should have been for the defendants; and it is immaterial whether the contract appeared void on the face of the petition or was shown by the evidence to be void. Sumner v. Summers, 54 Mo. 340; Rice Bros. v. Nixon, 93 Mo. App. 696. A contract is void when the consideration is illegal in whole or in part. Bick v. Seal, 45 Mo. App. 475; Mitchell v. Branham, 104 Mo. App. 487; Lane v. Logan Grain Co., 105 Mo. App. 221; Sawyer v. Sanderson & Thomas, 113 Mo. App. 245; Curry v. Lafon, 133 Mo. App. 181; Land Co. v. Manning, 98 Mo. App. 248; Tandy v. Commission Co., 113 Mo. App. 418. (3) In the case at bar the uncontradicted evidence is that at least the third and fourth editions of the St. Louis *Republic* were issued, printed and circulated after 12 o'clock on Saturday night, and were in fact printed and issued on Sunday in each case. The contracts in controversy were not apportionable. Billups v. Daggs, 38 Mo. App. 367; Friend v. Porter, 50 Mo. App. 89; Handy v. St. Paul Globe Pub. Co., 42 N. W. Rep. 872.

(4) Any contract in violation of a criminal statute can neither be ratified nor enforced. Gwinn v. Simes, 61 Mo. 339; Tandy v. Commission, 113 Mo. App. 422; Lawson on Contracts, sec. 350. (5) Under a general denial it may be shown that the contract pleaded by plaintiff was illegal. Chapman v. Currie, 51 Mo. App. 40; McDearmott v. Sedgwick, 140 Mo. 183. (6) Plaintiff's petition and proof shows that plaintiff made a contract in violation of the criminal law of the State of Missouri, and that plaintiff carried out said contract in violation of law. Sec. 2240, 2243, R. S. 1899. (7) The courts will not aid a party in the enforcement of an illegal contract, but will leave them where it finds them. Atway v. Bank, 93 Mo. 485; Connor v. Black, 119 Mo. 142. (8) Plaintiff undertook not only to publish the advertisement in a Sunday issue, but to circulate said paper after being printed. The work undertaken to advertise for defendants was completed when printed, published and circulated among the people. It was done on Sunday. State ex rel. v. Johnson Co. Court, 122 S. W. 317; Handy v. St. Paul Globe Pub. Co., 42 N. W. 872.

*Omar E. Robinson* and *H. H. McCluer* for respondent.

(1) The partial abstract of the record filed herein by the appellants does not attempt to direct the attention of the court to any phase of the case, except that which bears on the question of the alleged illegality of the service performed for the appellants by the respondent. This partial abstract is sufficient for that purpose, and being the only point raised for the consideration of this court no additional abstract of the record is deemed necessary by the respondent and none is filed. (2) The question of the illegality of the respondent's acts in carrying out its contract with defendants was not properly brought to the attention

of the court. The answer being simply a general denial. Sybert v. Jones, 19 Mo. 87; Sheffield v. Balmer, 52 Mo. 477; Gebson & Bros. v. Jenkins, 97 Mo. 42; McDermott v. Sedgwick, 140 Mo. 172; Russell v. Railroad, 83 Mo. 511; Ladd v. Clark, 42 Mo. 523. (3) No illegality shown by the evidence authorizing a finding on behalf of appellant. Sec. 2241, R. S. 1899.

JOHNSON, J.—Plaintiff, publisher of the St. Louis *Republic,* a newspaper of general circulation, brought suit against defendants to recover the contract price of advertisements it inserted for defendants in two Sunday issues of the newspaper. The petition is in two counts, each advertisement being pleaded as a separate cause of action. A jury was waived and the court, after hearing the evidence, rendered judgment for plaintiff on both counts. Defendants appealed and contend that the contracts for the advertising were void because they provided for the violation of the statute prohibiting labor on Sunday (sec. 2240, R. S. 1899). Plaintiff argues that the contracts did not require nor contemplate a violation of the statute, and, further that the issue of the validity of the contracts is not in the case since it was not raised in the pleadings.

It is alleged in the first count of the petition, "that heretofore and on or about the 8th day of April, 1908, the defendants engaged space in said St. Louis *Republic* for the insertion of an advertisement designed to acquaint the public with the character of the business in which the defendants were engaged; that the plaintiff accepted said offer to insert said advertisement, and in pursuance of said employment did on the 12th day of April, 1908, insert in the St. Louis *Republic* a large display advertisement setting forth the defendants' business in such manner and in such language as defendants desired, and as instructed by defendants." And in the second count, "that hereto-

fore and on the 16th day of April, 1908, defendants being desirous of advertising to the public its enterprises, solicited space in the plaintiff's paper, a newspaper of general circulation, the St. Louis *Republic,* and employed plaintiff to insert in said St. Louis *Republic,* on the 19th day of April, A. D. 1908, said advertisement. That in pursuance of said employment, and in accordance with this contract with the defendants, plaintiff did insert in said St. Louis *Republic,* a large display advertisement in words and figures, as requested by the defendants, and in accordance with this said contract so made between the plaintiff and defendants.''

Defendants demurred to each count on the ground that it did not state facts sufficient to constitute a cause of action and on the overruling of the demurrer answered with a general traverse.

The evidence of plaintiff shows that two orders were received from defendants for advertising in the issues of the newspaper published respectively on the 12th and 19th of April, 1908 (Sundays), and that the advertisements were inserted in all of the editions issued on those dates. It was the custom of plaintiff to issue four editions of the Sunday newspaper. The first edition was issued on the morning of the preceding Friday; the second went to press at six o'clock p. m. on Saturday; the third and fourth were the fast mail and St. Louis editions and went to press early Sunday morning. No Sunday labor was expended on the first two editions but on the last two the press, mailing and delivery work were performed on Sunday. This method of doing business was pursued on the dates under consideration.

Section 2240, Revised Statutes 1899, provides: "Every person who shall either labor himself, or compels or permits his apprentice or servant, or any other person under his charge or control, to labor or perform any work other than the household offices of daily

necessity, or other works of necessity . . . on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding fifty dollars.'' This is a criminal statute and the rule is too well settled to be a subject of controversy that a contract which requires or contemplates a violation of a criminal law in its performance must be pronounced void as being contrary to public policy and public morals. This rule is not disputed by counsel for plaintiff who contend that the contracts under consideration neither required nor contemplated the violation of the statute. The case of Sheffield v. Balmer, 52 Mo. 474, is cited in support of this contention. In that case it appears there were two editions of the paper, one dated Saturday, the other Sunday. Both were issued on Saturday and no Sunday labor was performed on either. The publisher sold papers at its office on Sunday but that act was properly held not to have been within the contemplation of the contracting parties. It was a purely incidental or accidental fact and, since it has no parallel in the present case, is immaterial to the question at issue here. The Supreme Court held that the contract did not call for nor contemplate the performance of Sunday labor in its execution. We quote from the opinion: ''The contract sued on does not require the plaintiff, either expressly or by any necessary inference, to violate this statute. It is not required that an hour's work shall be performed on Sunday. The advertisement is required to be published in the weekly (Sunday) edition of the paper every Sunday. Now this may all be done, and the contract be completely performed, without violating the law by performing labor on Sunday in the least degree, and if the contract can be performed without any violation of law, then it is only a natural and legal presumption that it will be so performed, or at least there is no legal presumption that it will not be so performed, and in fact the evidence in this

case shows that the work in getting up, printing, and mailing of the Sunday edition was always done on Saturday, so that the thirty-second section of the statute need not be violated by the performance of the contract unless it would be unlawful to place the papers where subscribers could get and read them on Sundays, which I suppose will not be pretended."

It will be noted that the facts considered by the Supreme Court as of vital importance differ from those in the case in hand. Here the contracts in requiring the advertisements to be inserted in all editions expressly provided for the doing of labor on Sunday. We shall assume the advertiser knew that the later editions were printed and issued on Sunday and that both parties to the contract intended that the usual method of business would be pursued. In the performance of the contract as the parties clearly intended it should be performed, plaintiff was no more at liberty to omit the advertisements from the last two editions than it would have been to abandon those editions. It is idle to say no violation of the law was intended. The evidence will admit of no other conclusion than that the parties intended and stipulated for the performance of labor on Sunday in violation of the statute. The contracts were void and are non-enforceable. [Handy v. Publishing Co., 42 N. W. 872.]

Passing to the question of pleading, the general rule is well stated in the following excerpt from the opinion of THOMPSON, J., in St. Louis Agl. & Mch. Ass'n v. Delano, 37 Mo. App. 284 (approved by the Supreme Court, 108 Mo. 217): "Undoubtedly, if the contract, as described in the petition, directly involved the doing of something prohibited by law, the petition fails to state a cause of action, and this objection is available at any time, and may be made for the first time in an appellate court. But, if the petition states a contract valid on its face, or valid as therein described, but which may nevertheless be invalid by rea-

son of something arising upon extrinsic evidence, or by reason of the contract as proved at the trial being different from the contract as alleged in the petition, then, in order to bring the question of the invalidity of the contract under review on error or appeal, that question must have been raised in the trial court; because it is a well-settled rule of procedure that a case cannot be tried or defended upon one theory in the trial court, and upon another in the appellate court. And, in general, if the petition states a contract valid on its face, but which may be invalid by reason of some extrinsic matter, that extrinsic matter must be pleaded in order to make it an issuable question at the trial, and in order to make it a question which can be considered upon appeal. [Cummiskey v. Williams, 20 Mo. App. 606; Sybert v. Jones, 19 Mo. 86.] Unless, therefore, this question arises on the face of the petition, it is not before us for consideration, for it does not appear to have been raised by the defendants in any form in the trial court.''

The rule thus expressed applies in cases where no question of public policy or morals is involved but it does not obtain where the contract provides for the commission of an act in violation of the criminal law. "An agreement to do an unlawful act cannot be supported at law or in equity and no right of action can spring out of it. It is absolutely void and whenever and by whatever means it appears beyond question to the court that the contract on which the cause asserted is based, is of such character, the court will repudiate it as a thing utterly void.''. [Funding & Foundry Co. v. Heskett, 125 Mo. App. 1. c. 539.] Whether or not the illegality of the contracts appears on the face of the petition, we think is a question that may be raised at any stage of the action. The courts will not lend their aid to the enforcement of contracts for the violation of criminal laws and whenever it develops in the course of procedure that the action is predi-

cated on a contract of that nature, it becomes the duty of the court, on its own motion, if necessary, to stop the proceeding and leave the parties where it found them. If the position of plaintiff be sound that defendants in failing to plead the illegality of the contracts in their answer have waived the right to interpose that defense, the same position could be maintained in any civil action on any kind of an unlawful or immoral contract. For example, a plaintiff could sue on a contract which, though fair on its face, was made in consideration of the murder of the plaintiff's enemy. Would any one have the hardihood to argue that the courts, with the true facts developed in evidence, would be bound to enforce a contract so heinous because, forsooth, the defendant had answered with a general denial and had failed to plead the illegality of the consideration? Courts have been accused of undue affection for technical rules of pleading and practice, but they have not gone the length we are asked to go in this case.

Plaintiff has no cause of action and should have suffered defeat in the circuit court.

The judgment is reversed. All concur.