## MOORE v. RINGO, *Appellant.*

1. **Contract:** CONSIDERATION, PROOF OF DIFFERENT ONE. Where an executory contract recites a consideration which is shown to be nominal or unreal, the real consideration can be shown for the purpose of supporting the contract.

2. **Champerty:** PLEADING. The defense of champerty must be specially pleaded.

3. **Contract:** CHAMPERTY. A contract to defray half the expenses of litigation necessary to set aside a deed as fraudulent, and to share in the proceeds of such litigation, is champertous; but a contract is not champertous which provides that one party is to buy the land and convey one-half interest therein to the other, and the latter is then to bring suit for it and pay half the costs of the litigation.

*Appeal from Scott Circuit Court.* — HON. J. D. FOSTER, Judge.

AFFIRMED.

*D. H. McIntyre* and *F. M. Brown* for appellant.

The consideration set forth in the written contract having failed, respondent was precluded from showing any other, there being no words in the contract indicating any other consideration. 1 Parsons on Cont., (6 Ed.) top p. 429; *Emery v. Chase*, 5 Greenlf. (Me.) 232; *Howes v. Barker*, 3 John. (N. Y.) 506; *Schemerhorn v. Vanderheyden*, 1 John. (N. Y.) 138; *Veacock v. McCall*, Gilpin (U. S.) 329;

*Cutter v. Reynolds*, 8 B. Mon. (Ky.) 596 ; *Mitchell v. William-son*, 6 Md. 210 ; *Winchell v. Latham*, 6 Cow. 682. The consideration named in the contract having failed, the contract possessed no binding force, and was not obligatory upon appellant. 1 Parsons on Cont., (6 Ed.) top p. 461 ; 2 Wharton on Cont., § 742, p. 118 ; *Williams v. Mellon*, 56 Mo. 262. But even if respondent could properly be allowed to give oral testimony to show a consideration different from that set out in the contract, the testimony so given establishes the fact that the contract was a champertous contract, and therefore void. *Duke v. Harper*, 66 Mo. 51 ; 2 Parsons on Cont., (6 Ed.) pp. 765, 766. A contract between attorney and client that the former shall prosecute a suit at his own expense for a certain part of the subject in litigation, is champertous and void. 1 Story on Cont., (5 Ed.) § 713, p. 690 ; *Martin v. Clarke*, 8 R. I. 389 ; *Weakly v. Hall*, 13 Ohio 167; *Rust v. Larue*, 14 Am. Dec. 172. If the consideration of any contract, either in whole or in part, be illegal, this defeats the entire contract, and it is wholly immaterial whether the contract discloses such illegality, or it be established by evidence *aliunde;* the principal is the same in either event. *Sumner v. Summers*, 54 Mo. 340. Plaintiff was defendant's attorney and this court will scrutinize closely this entire transaction. The refusal of the court to hear appellant's counsel argue the case upon its merits, was such a gross abuse of its power as to demand a reversal of the judgment. Const., art. 2, § 10 ; Proffat on Jury Trials, § 243 ; *Burson v. Mahoney*, 6 Baxter (Tenn.) 307 ; *Legg v. Drake*, 1 Ohio St. 286; *Dobbins v. Oswait*, 20 Ark. 619 ; Hilliard on New Trials, § 40 ; Graham & Waterman on New Trials, p. 682 ; *State v. Hoffman*, 78 Mo. 256.

*Thoroughman & Valliant* for respondent.

Where a jury is waived and the cause is tried by the court, it is unusual for a court to hear argument, except on a motion for a new trial. Verbal testimony is admissible

to show a different consideration from that expressed in the deed. *Miller v. McCoy*, 50 Mo. 214; *Fountain v. Boatman's Savings B'k*, 57 Mo. 552; *Hollocher v. Hollocher*, 62 Mo. 267; *McConnell v. Brayner*, 63 Mo. 461. The contract was not champertous. *Duke v. Harper*, 66 Mo. 51. The defense of champerty should have been specially pleaded. *Dickson v. Burk*, 6 Ark. 412; *Suit v. Woodhall*, 116 Mass. 546; *Cummins v. Barkalow*, 1 Abb. Ct. App. 479; s. c., 4 Keyes (N. Y.) Ct. App. 514; *Chambers v. Green*, 2 G. Green (Iowa) 320.

HOUGH, C. J.—On the 9th day of April, 1869, the plaintiff, as attorney, obtained a judgment for the defendant against Hartwell Brock and Levi S. Green for the sum of $456.10. The plaintiff was employed simply to obtain judgment, Brock and Green being regarded as insolvent at the time. No effort was made to enforce this judgment by execution, until 1871, when the plaintiff suggested to the defendant that he thought the amount of his judgment could be made out of certain land which he believed had been fraudulently conveyed by Brock and Green. Thereupon an agreement was entered into between the plaintiff and the defendant that said land should be sold under execution to be issued on the judgment aforesaid, and purchased by the defendant, and divided between the plaintiff and defendant. The terms and conditions upon which the land was to be divided are differently stated by the plaintiff and the defendant, and the difference between them in this regard is the occasion of the present controversy. On the 21st of October, 1871, the land was purchased at execution sale as agreed, and on the 26th day of October, 1871, the defendant signed an instrument in writing whereby he promised in the consideration of the sum of $1 to convey by quit-claim to the plaintiff upon demand an undivided half of the property so purchased. On the 22nd of March, 1872, the defendant conveyed said property to one Allen, for the sum of $484, and this suit was brought by the plaint-

iff to recover one-half of the sum so received by the defendant. The defendant set up in his answer:

That the plaintiff had never paid the $1 consideration named in the contract, and that the said contract was without any consideration whatever.

And further that plaintiff was his attorney and procured the judgment against Brock and Green for him, and that he paid plaintiff for all his services in that behalf. That plaintiff advised him to bid in said land at the execution sale. That he was to pay plaintiff one-half of what would be made out of said sale over and above his debt and costs. That plaintiff was to pay half the costs of such sale if it should be made. That after said sale plaintiff brought the instrument sued on to defendant and falsely represented it to be the contract named above. That he believed plaintiff, his then attorney, and did sign said contract. That said land was of less value than his debt and costs, and that the sale to Allen was for less than his debt and costs. Wherefore he prayed judgment.

These allegations were denied by the plaintiff. The trial was by the court without the aid of a jury, and no instructions were asked or given for either party. The court rendered judgment for the plaintiff for $253.45.

On this state of the record we have only to inquire whether there is any testimony which will support the finding and judgment of the court. The defendant testified substantially as follows: Plaintiff was my attorney in suit against Brock and Green. I paid him for all services in that case and have his receipt. I signed the contract sued on. Plaintiff never paid me a dollar on the contract. Never did anything for me as a consideration. He suggested to me to go into partnership with him in the land. I understood he was to pay half the expense of suit, and be an equal partner with me in all that might be realized from sale of land in excess of my debt. This was my understanding of contract when he brought it to me and I

signed it. All that I realized from sale to Allen was amount of my judgment, interest and cost of suit.

The plaintiff testified substantially as follow : I got a judgment for defendant against Brock and Green; he paid me for it; did not receipt him for all he owed me on other business; long after he had paid me for getting the judgment, I believed I saw opportunity for him to make his money out of some land that had been fraudulently sold by his defendants and told him so, and told him to have land sold under execution and buy it, and I thought I would have fraudulent deed set aside; defendant said he would go to no more costs about it unless I would go in with him and buy land and pay half cost of suit; I told him he would have to buy it, and if he would, I would order execution and have land sold, and he would convey me half interest in land, and I would pay half of cost of suit to set aside sale of land and bring suit; he said it was fair; to go on, he would do as I suggested; I ordered execution and he bought the land under my direction for $21, and sheriff's deed was made to him; five or six days after, defendant and I agreed I should fix up writing showing he was to convey me an undivided half of land; I did so and gave him and he read it and said he thought it was all right, and put it in his pocket and said he would look over it and sign it and give it back to me; eight or ten days after, he gave it to me with his signature, and said something to the effect that I should act on it as I thought best; I was astonished soon after to find he had conveyed all of land in question to Benj. F. Allen, without saying anything to me about it; first I knew of sale I saw deed on record; am informed defendant got $484 for land; some time after sale I spoke to defendant about it and he said I had not paid the $1 consideration nor any cost, and he did not think I would claim anything, and also said he thought I was only to have half after his debt was paid, and that he would see his lawyer; I let him have writing to show his lawyer, and afterwards spoke to him about it

Moore v. Ringo.

and he said his lawyer told him not pay me a cent; I think I paid him well for half interest; *he would not have made a cent out of the judgment if I had not pressed him to have the land sold and buy it in and undertaken with him to pay half the cost*; my advice and services in the execution, hunting up title to land, making out a case I could rely on in setting aside the sale, were well worth half the sum he sold the land for; I would not have gotten a cent except as it should be realized out of this land, for Brock and Green were both insolvent and are yet; Brock is dead; no mention was made of my taking half after judgment was paid; never thought of such a thing; land was worth $1,100.

It will be seen that the plaintiff's testimony contains statements amply sufficient to support the judgment of the circuit court, and it is to be presumed that it was upon this testimony its judgment was based. It is urged in this court, however, that as the consideration expressed in the written contract was not the real consideration and has also failed, that the plaintiff is precluded from showing any other, there being no words in the contract indicating that there was any other consideration, and that the contract was, therefore, not binding upon the defendant, and the court erred in enforcing the same. There are authorities supporting this position, but the better rule seems to be that, where a consideration has been inserted in an executory contract which is shown to be nominal or unreal, the real consideration may be shown for the purpose of supporting the contract. Bishop on Con. § 65 and cas. cit.; 1 Parsons Con. (6th Ed.) 429, note k.

It is also contended in this court that the contract between the plaintiff and the defendant was champertous. It would be a sufficient answer to this contention of the defendant to say that no such defense was set forth in the answer. A general plea of want of consideration or failure of consideration has always been admissible, but where the defense is that the real consideration is an illegal one, the facts constituting the illegality must be set forth. *Suit v.*

*Woodhall*, 116 Mass. 547; *Dickson v. Burk*, 6 Ark. 412. The facts set forth in the answer do not constitute the contract a champertous one. The costs there referred to are plainly the costs of making the sale under execution. But as we look at that portion of the testimony of the plaintiff and defendant, which would have been admissible in support of a plea of champerty, if such plea had been made, in the absence of any declarations of law, the judgment of the court would have to be upheld. The testimony of the defendant tends to show, indeed, that the contract was a champertous one, as according to his version of the agreement, the plaintiff was to defray half the expenses of the litigation necessary to set aside the deed of Brock and Green as fraudulent, and to share in the proceeds of the litigation after satisfying the defendant's judgment. The testimony of the plaintiff on the contrary, which it is to be presumed the court accepted as true, if it considered this question, is that the defendant was to buy the land and convey a half interest therein to the plaintiff, and plaintiff was then to bring suit and pay half the costs of the litigation. Such a contract has no taint of champerty about it. Having a half interest in the land it would have been right and proper that the plaintiff should contribute half of the costs of suit.

Complaint is also made, that the court would not permit the defendant's counsel to argue the case and read the law to the court, and an exception was saved to the refusal of the court to permit the defendant to read the law, but no exception was saved to the refusal of the court to hear argument on the facts. As the finding is for the plaintiff and the law will support such finding, there is no ground for reversal in this exception. If the defendant's counsel desired to preserve any question of law for this court he should have presented declarations of law to the trial court.

The judgment of the circuit court will be affirmed. The other judges concur.