## Musser v. Adler et al., Appellants.

1. **Practice** : INSTRUCTION. A party cannot complain of an instruction given at his own request.

2. **Pleading** : SPECIAL PLEA. The defence that the services sued for were contrary to public policy, should be pleaded.

3. ———— : GENERAL DENIAL : SPECIAL PLEA. A general denial puts in issue the facts alleged in the petition, and not the liability arising therefrom. The facts, from which the law draws the conclusion of defendant's non-liability, must be specially pleaded in the answer when they are not stated in the petition.

4. **Instructions** : COMMENTING ON EVIDENCE. While an instruction should not comment on the evidence, nor single out one or more facts and give them undue prominence, yet an instruction, in an action for the recovery of the value of services rendered as an attorney, is not so objectionable, which tells the jury that in considering the value of the plaintiff's services they should take into consideration the magnitude of the cases in which they were rendered ; the skill required to perform the same so far as possessed by plaintiff ; the time required in the trial and preparation of the

---

---

causes, and all the facts and circumstances touching the services so rendered.

5.  **Verdict.** A verdict held not open to the objection of being too indefinite and uncertain.

*Appeal from Buchanan Circuit Court.*—Hon. William H. Sherman, Judge.

AFFIRMED.

*Woodson & Crosby* and *Vinton Pike* for appellants.

(1) The court erred in giving plaintiff's third instruction. It is a commentary on portions of the evidence. *Rose v. Spies*, 44 Mo. 26; *Head v. Hargrave*, 105 U. S. 45. (2) Plaintiff's third instruction was also erroneous. Under it there was no need of any proof of the value of any service. (3) Plaintiff's ninth instruction was not warranted by the evidence. The court could not tell the jury that the criminal case mentioned in it was of great or little importance. (4) The instructions given for plaintiff are argumentative, commentaries on the evidence, and assume facts in issue. (5) Defendants' first and second instructions should have been given. R. S. U. S. 1878, sec. 1782; *Arrington v. Sneed*, 18 Tex. 135; *Goodenough v. Spencer*, 46 How. 347. (6) The verdict is insufficient, indefinite and uncertain. "The amount of the recovery" is not assessed. *Cates v. Nickell*, 42 Mo. 169; *Burghart v. Brown*, 60 Mo. 24; R. S., sec. 3634; *Bruck v. Maulsberry* (S. C. Pa.) 14 Lanc. Bar, 194.

*B. R. Vineyard* and *H. K. White* for respondent.

(1) Plaintiff's instructions fairly stated the law, and are not objectionable as being commentaries on the evidence. (2) Plaintiff's ninth instruction was properly given. It was not only right, but necessary to apprize

the jury of the magnitude and importance of the controversy in which plaintiff had been employed to act, and of the responsibility thrown on him thereby. *Eggleston v. Boardman*, 37 Mich. 18; *Vilas v. Downer*, 21 Vt. 419; *Kentucky Bank v. Combs*, 7 Pa. St. 543; *Duncan v. Yancy*, 1 McCord (S. C.) 149. (3) The court properly refused defendants' first and second instructions. (4) The verdict of the jury is sufficient in form. *Davenport v. Fulkerson*, 70 Mo. 417; *Muller v. The St. L. H. Association*, 73 Mo. 242; *Gibson v. Lewis*, 27 Mo. 533; *Wilson v. Means*, 25 Kan. 83.

BLACK, J.—The defendants were partners as rectifiers and wholesale dealers in liquors. They became involved in much litigation, civil and criminal, in the United States courts. The plaintiff, in connection with other attorneys, rendered them services in these suits and matters incident thereto, from 1875 to 1879, and to recover for these services from March, 1876, this suit was brought. The answer was first a general denial; and, second, new matter, by which defendants admit that plaintiff rendered them services, but they say that from 1875 to 1879 they, at different times, paid him, in all, $2,155.40, which was all his services were worth. The reply admits these payments, but alleges that they were made for services before March, 1876, except two items, for which credit is given. Among the items of the account filed with the amended petition, is one for one thousand dollars for services in preparing papers, etc., in and about procuring a remittance of ten thousand dollars from a fine of twenty thousand dollars, which had been adjudged against the defendants. Four other items were for fifty dollars each in going to Chillicothe and elsewhere, to see the district attorney and co-counsel, in reference to a compromise of a judgment *in rem* against defendants' property, and the prosecu-

tion of a suit of the United States against Wilkinson and others.

Evidence was offered on both sides as to the value of all these services. The plaintiff testified that an effort had been made to get the fine remitted. Cox, who had the matter in charge, wrote that it was useless to make any further effort, unless the department were satisfied that defendants were unable to pay the fine. Defendants, thereupon, consulted plaintiff, and from their showing it appeared that they had property enough to pay the fine five times over. He said he could not then tell them what to do, but would take time to study up a plan to make such showing as Cox had asked for. Some weeks after he proposed to them to have their property, which was then being assessed, assessed as low as they could, and to forward abstracts of the assessment to Washington. All this was done, from which it appeared their property did not exceed in value eleven thousand dollars. "And upon the showing thus devised and accomplished by the plaintiff, he and Judge Cox were enabled to get the government to reduce the fine one-half." As to the other four items, his evidence tends to show an effort of himself and a co-counsel to get the district attorney to stay execution on the *in rem* judgment, and to prosecute the other suit against Wilkinson and others, but the evidence does not show that any improper influence was used in this behalf.

At the close of all the evidence, and on plaintiff's testimony alone, defendants asked the court to instruct that plaintiff could not recover for these five items. This the court declined to do, but did direct the jury that if any services sued for consisted in making a false statement of defendants' financial responsibility, for the purpose of deceiving the officers, and inducing them to remit the whole or a part of the fine, then for such services the plaintiff could not recover; and, further, that it was unlawful to solicit, or procure, an officer

to do or not to do any act pertaining to the duties of his office, and contrary to his judgment, and if such was the purpose of any of the services rendered, then for all such the plaintiff could not recover.

1. It may be the jury excluded all of these items, for the plaintiff sued for $6,640.85, and had a verdict and judgment for $3,142.50, but this we cannot say, for the value of the other services was variously estimated.

Defendants cannot complain of the instructions given at their request. So far as the four items of fifty dollars each are concerned, it is very clear that the court did right in not excluding them as a matter of law. More doubt exists as to the other items, but as to this the law was fairly given by the court, leaving it to the jury to draw the inferences. In view of this, and the state of the pleadings, we think the cause should not be reversed. The character of the defence thus interposed at the close of the trial by prayers for instructions, was to admit that the services were rendered, but to avoid a recovery on the ground that they were illegal and contrary to public policy. Such a defence should be pleaded, and an intelligent issue made thereon. Here it is very clear that the question was raised incidentally, and that, too, at the close of the trial. It is not enough that evidence may appear tending to establish facts which, if pleaded, would defeat a recovery. The general denial puts in issue the facts pleaded in the petition, not the liability. The facts, from which the law draws the conclusion of non-liability, must be pleaded in the answer when they are not stated in the petition. Bliss on Code Plead., sec. 352; *Northrup v. Miss. Valley Ins. Co.*, 47 Mo. 435; *Mason v. Pitt*, 21 Mo. 391; *Finley v. Quirk*, 9 Minn. 197. This defence, so far as pleading is concerned, is not unlike that of champerty, gaming, usury and the like. It is an affirmative defence, and should be clearly and distinctly

stated.    This was not done, not even attempted in this case.

2.    The court may not comment on the evidence, nor should one or more facts be singled out and given an undue prominence in the instructions.    The third instruction is not faulty for any of these reasons.    It does say to the jury that in considering the value of the plaintiff's services they should take into consideration the magnitude of the cases, the skill required to perform the services, so far as possessed by plaintiff; the time required in the trial and preparation of the causes; and all the facts and circumstances touching the services so rendered.    This was clearly the law.

Nor was there any error in the instruction which told the jury the nature of the offences with which defendants were charged in the indictment.    These instructions, with those given at the request of the defendants, and which limited the recovery to the reasonable value of the services, presented the case fairly enough.

3.    The verdict was: "We, the jury, find for the plaintiff, allowing him for his services three thousand dollars, as follows:    Three thousand dollars, interest at six per cent. from December 16, 1880, $142.50, making $3,142.50." The objection made to it, that it is indefinite and uncertain, is without merit.    That the aggregate finding was for $3,142.50 is too clear to admit of a shadow of a doubt.

Upon the whole the judgment should be affirmed. It is so ordered.    Sherwood, J., dissents.    The other judges concur.