J. Cummiskey et al., Appellants, v. J. M. Williams, Respondent.

St. Louis Court of Appeals, February 9, 1886.

1. Practice—Instructions—Wager—Option Contracts—Delivery. It is error to submit to the jury the question whether a contract for the sale of grain for future delivery is a wager, in the absence of any testimony tending to show an understanding or agreement between the contracting parties that there should be no delivery.

2. ——— The error of giving such an instruction in such a case is not cured by the fact that an instruction upon the same question was asked by the other party and was refused.

3. ——— Evidence—Pleading.—In an action on such a contract, evidence that it was a wagering contract is inadmissible under a general denial; the defence must be specially pleaded.

4. ——— Bills of Exception.—In such a case, a recital in the bill of exceptions that "the defendant, to sustain the issues on his part, offered evidence tending to support his answer," will not warrant the appellate court in assuming that evidence was given tending to show that the contract was a wager.

5. ——— It is error to give an abstractly correct instruction, where there is no evidence upon which it can properly be based.

Appeal from the St. Louis Circuit Court, Shepard Barclay, Judge.

*Reversed and remanded.*

JOHN R. CHRISTIAN, for the appellants: Instruction number four, given by the court, is inconsistent with itself. If the contract was for the sale of wheat, as mentioned in the first part of the instruction, it could not be illegal, as stated in the last part of the same. Nor is it the province of the jury to say a contract is illegal. Plaintiff's instruction on this point was the correct one and ought to have been given. *The State v. Owens*, 79 Mo. 619–630 ; *Rothchild v. InsuranceCo.*, 62 Mo. 357 ; *St. Louis Type Foundry v. Union Printing Co.*, 3 Mo. App. 142.

JAMES CARR, for the respondent: The law of wagering contracts was correctly declared. *Williams v. Tiedemann*, 6 Mo. App. 269 ; *Lyon v. Culbetson*, 83 Ill. 33 ; *Irwin v. Williar*, 110 U. J. 499 (bk. 28, L. Ed. 225) ; *Union Nat. Bank v. Car*, 16 Cent. L. J. 320 ; *Waterman v. Buckland*, 10 Mo. App. 45 ; *Kent v. Miltenberger*, 13 Id. 504 ; *Fareira v. Gabell*, 89 Pa. St. 89 ; *Barnard v. Backhaus*, 52 Wis. 593 ; *In re Green*, 7 Biss. 338 ; *Tenney v. Foote*, 95 Ill. 99 ; *Gregory v. Wendell*, 39 Mich. 337 ; *Rudolf v. Winters*, 7 Neb. 126 ; *Raymond v. Leavitt*, 46 Mich. 447.

LEWIS, P. J., delivered the opinion of the court.

The first count in the petition charges that the plaintiffs, doing business as partners, on January 27, 1882, at the special instance and request of the defendant, bought for him 10,000 bushels of wheat, to be delivered in March following, at the price of $14,493.75, and that on February 10, they sold the same for the defendant at a loss of $1,468.75, of which the defendant has paid them $1,427.25. That the balance of said loss, with the plaintiff's commissions of twenty-five dollars, amounting in all to $66.50, remains unpaid, for which they ask judgment. The second count sets up a like purchase and sale of 10,000 bushels of wheat, involving a loss of six hundred and fifty dollars, for which sum, with twenty-five dollars for

commissions, the plaintiffs ask judgment. The answer is a general denial. A jury found for the defendant on both counts.

The defendant claimed that, as to the first transaction, there was a balance due from him, when the plaintiffs proposed that if he would pay them five hundred and fifty dollars, it would be accepted as a settlement in full; that he paid the amount, and they gave him a full receipt and discharge. As to the second deal, the defendant denied that he had ever requested or authorized it. The testimony given by the parties respectively on these two points was flatly contradictory. The instructions fairly submitted the issues thus raised, and as to them, the finding of the jury leaves nothing for our review.

Upon a careful examination of the bill of exceptions, we fail to find a particle of testimony on either side, tending to show that the transactions between the parties were mere wagerings or speculations upon a fluctuating market, without any actual purchase, sale, or delivery of a mercantile commodity. The parties and witnesses testified about nothing whatever but the "buying" and "selling" of wheat. Not a word is said by anybody about any agreement, pretense, or understanding on either side, or anything short of actual purchases and sales. Purchase and sale, duly consummated, include delivery, by implication. There is no warrant in this record of testimony for assuming anything less.

In *Williams v. Tiedemann* (6 Mo. App. 269), this court said: "The law will not presume against the validity of a contract relating to a proper subject matter. The burden of proof is upon him who alleges its invalidity."

The circuit court gave, nevertheless, of its own motion, the following instruction:

"If the jury believe from the evidence that the plaintiffs and defendant either agreed, or mutually understood, at the time of the transactions in evidence, or either, that the same were to be conducted as mere

wagers on the price of wheat, or that no wheat should or would be actually delivered on such alleged agreement for the purchase of wheat, but that there should be a settlement of differences in price, then any such transaction would be illegal, and no recovery could be had herein on account thereof."

This was, of course, erroneous. It enabled the jury to base their verdict on a mere guess, where there was no evidence before them. It does not help the matter that the plaintiffs asked for an instruction, which was refused, to the effect that the wagering must have been intended by both parties, in order to vitiate the contract. This was, at most, but an indirect admission that there was some evidence on that point. But the court had no authority to act upon such an indirect admission, when the contrary fact was plainly before it. If the instruction given had been justified by the evidence, the plaintiffs would have been entitled to the one they asked for, since it contained a proper qualification which was omitted from the one given. *Williams v. Tiedemann, supra.* Thus the error was duplicated by the refusal.

The court gave the following instruction for the defendant:

"If the jury believe from the evidence that the plaintiff, Cummiskey, promised the defendant that he, or they, meaning the plaintiffs, would take a deal for the purpose of recovering to defendant the amount of money lost by him, and that they, or either of them, did take such a deal, then the defendant is not liable for any margins or losses arising therefrom, and the jury, if they so find, should return a finding for the defendant on the second count herein."

The only evidence on which this instruction was founded, appears in the following statements of the witnesses: "Commiskey said he would take a deal for me, the defendant, and try and make my money back. Mr. Cummiskey wrote me a letter, saying he had made a deal for me and had lost some money." "Cummiskey told Williams that he would take a deal for him and try

and make his money back for him." A letter, described as lost, "was signed by James Cummiskey, and it said that he had made a deal for the defendant and had lost money." Not a word in these expressions implies a guaranty by Cummiskey that the proposed new deal should be successful, and should reimburse the defendant in his previous loss. There was to be a repetition of the experiment, with the hope for improved results; nothing more. We can see no reason for telling the jury that if the experiment failed, the plaintiffs could not recover for their outlay in the defendant's behalf, unless the instruction was coupled with a hypothesis that the defendant either did not accept the plaintiffs' proposal, or that he accepted it with the understanding that the new deal was to be at the plaintiffs' risk.

The judgment must be reversed, and the cause remanded. The other judges concur.

ON MOTION FOR RE-HEARING.

Lewis, P. J., delivered the opinion of the court.

In our former opinion in this cause, we said that we found no testimony in the record tending to prove that the transactions between the parties were mere wagering contracts, and that in the absence of such testimony, the presumption must be of the contrary. The respondent now says, in a motion for re-hearing, that this was a mistaken understanding of the record, and quotes in support of his position the following statements in the bill of exceptions : "The plaintiffs, to sustain the issues upon their part, offered evidence tending to prove the facts stated in their petition.   *   *   *   The defendant, to sustain the issues upon his part, offered evidence tending to support the answer herein."

From this it would appear that there is somewhere in the pleadings an allegation of wagering contracts. The petition, of course, makes no such allegation. The answer is only a general denial. Unless, therefore, it was admissible under the general issue, to prove up the special defence that the contracts were wagering

contracts, and not enforceable by law, the respondent's criticism on the opinion is without foundation. We do not think that, upon either principle or authority, the defence was admissible under a general denial of the allegations in the petition.

Our statute provides that: "The answer of the defendant shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. Second, a statement of any new matter constituting a defence or counter-claim, in ordinary and concise language, without repetition." Rev. Stat., sect. 3521.

This provision is a literal copy of what appears in the same connection in the codes of nearly all the states where the reformed practice prevails, and is substantially the same as in those where it is not literally so. In every one of the states where the question has arisen, it is held necessary that a defendant, admitting the fact of a contract or agreement, but controverting its legality, must set this up as a special defence of new matter, and will not be allowed to prove it under a general denial of the allegations of the petition. · *Goss v. Austin*, 11 Allen (Mass.) 525; *Granger v. Ilsley*, 2 Gray 521; *Denton v. Logan*, 3 Metc. (Ky.) 434; *Smith v. Owens*, 21 Cal. 11; see, also, *Campbell v. Hyde*, 1 D. Chip. (Vt.) 65; *Newell v. Hayden*, 8 Iowa 140; *Hagan v. Burch, Id.* 309.

A doubt may possibly intervene as to the application of the same doctrine in Missouri, on account of two decisions of our supreme court. In *Greenway v. James* (34 Mo. 326), it was declared in general terms that: "Where a cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded ; but where · the cause of action alleged never existed, the appropriate defence under the law is a denial of the material allegations of the petition ; and such facts as tend to disprove the controverted allegations, are pertinent to the issue." In

*Young v. Glascock* (79 Mo. 574), this language is quoted with approval. But in each case, the broad generality of the declaration went far beyond the question under consideration. Both were cases of replevin. A material allegation of the petition was, that the plaintiff was owner of the property in dispute. The reasoning of the decision was, that evidence tending to show that the property belonged to a third person, negatived the ownership of the plaintiff, and was, therefore, directly pertinent to a denial of the facts stated in the petition. But this reasoning has never been considered applicable to a case like the present; not even in Missouri. The defence that a contract is against the policy of the law, and, therefore, not enforceable by legal procedure, does not deny the allegation of the petition, that a contract or agreement was made. It admits the fact alleged and then sets up as a specific defence, the additional facts which should arrest the judicial arm.

Thus, in *Sybert v. Jones* (19 Mo. 86), the defence was, that the contract was founded on an election bet, and, therefore, not enforceable by law. Our supreme court required, not only that the defence should be specially pleaded, but that the answer should describe the particular election, and should show by sufficient averments that it was one held under the law.

In *Sugg v. Blow* (17 Mo. 359), it was held that if there was fraud in the making of a contract, (and this, of course, would show that a right of action *never existed*,) the defence must be specially set up in the answer. We have not been able to find a Missouri case in which the *dictum* in *Greenway v. James* was applied to an action upon contract. We mean no disrespect in the use of the term *dictum*, which would have no proper application if we were considering an action of replevin. As already shown, the authorities elsewhere are unanimous against the introduction, under a general denial, of evidence to prove illegality in the contract sued on, as a defence against it. This being the state of the law, it would be a violent assumption on the part of this court to conclude

that, because under the general issue the trial court might or might not have permitted the introduction of evidence tending to establish this affirmative defence; therefore, the allegation that there was evidence tending to support the answer is tantamount to an averment that there was evidence tending to establish the existence of wagering and unlawful contracts, upon which the plaintiff might not recover. We must, therefore, adhere to the conclusion that no such evidence is apparent from anything in the record.

As to the other grounds urged for a re-hearing, we find nothing that is not sufficiently met in the opinion heretofore delivered. That errors were committed in the appellant's favor, furnishes no reason for affirming a judgment against fatal errors committed to his prejudice.

A re-hearing is denied, with the concurrence of all the judges.