THE ST. LOUIS AGRICULTURAL & MECHANICAL ASSO-
CIATION v. DELANO *et al.*

DIVISION ONE.

1. **Pleading**: ILLEGALITY OF CONTRACT: NEW MATTER. The defense of illegality of a contract sued on must be specially pleaded, in the absence of anything in the petition disclosing such invalidity.

2. ——: ——: PRACTICE IN SUPREME COURT. An appellate court will not consider an unpleaded defense.

| 108 | 217 |
| 55a | 440 |
| 55a | 521 |
| 108 | 217 |
| 58a | 141 |
| 108 | 217 |
| 134 | 270 |
| 108 | 217 |
| 138 | 690 |
| 140 | 182 |
| 108 | 217 |
| 81a | 419 |
| 108 | 217 |
| 157 | 534 |
| 108 | 217 |
| 163 | 448 |

The St. L. Agr'l & Mech. Ass'n v. Delano.

3. **Sunday:** ATHLETIC. SPORTS : STATUTE. Revised Statutes, 1889, section 3854, which provides that "Every person who shall be convicted of horse racing, cock fighting, playing at cards or games of any kind" on Sunday shall be guilty of a misdemeanor, do not extend to the prohibition of mere athletic sports.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Jas. P. Kerr* for appellant.

(1) The petition states facts, and it appears by the evidence that the alleged contract is illegal and void ; therefore, cannot be enforced. R. S. 1879, secs. 1578, 1579, 1581 ; *State v. Williams*, 35. Mo. App. 541 ; *Bernard v. Luffing*, 32 Mo. 441 ; *Guinn v. Railroad*, 20 Mo. App. 453 ; *Sheffield v. Palmer*, 52 Mo. 474 ; *DeForth v. Railroad*, 52 Wis. 329 ; *Robeson v. French*, 12 Metc. (Mass.) 25 ; *Johnson v. Brown*, 13 Kan. 529 ; *Grant v. McGrath*, 15 Atl. Rep. (Conn.) 3 ; Am. Digest,. No. 22, Oct. 1888, p. .85 ; Bliss on Code Pleading, sec. 437 ; *Corby v. Weddle*, 57 Mo. 452. (2) The fourth commandment of the decalogue is adopted in spirit by Revised Statutes, 1889, section 1578, if not in terms, and applied to the first day of the week.

*Charles S. Taussig* for respondent.

(1) When a defendant relies upon the defense that the contract sued on is illegal, he must plead the facts constituting such illegality, unless they appear from the petition. *Cummiskey v. Williams*, 20 Mo. App. 606 ; *Sybert v. Jones*, 19 Mo. 86 ; *Musser v. Adler*, 86 Mo. 445 ; *Moore v. Ringo*, 82 Mo. 469. (2) An appellate court will not consider a defense not relied upon at the trial, and not pleaded by the defendants. *Wheeler v. Ins. Co.*, 6 Mo. App. 241 ; *Walker v. Owen*, 79 Mo. 568 ; *Barker v. Berry*, 8 Mo. App. 446. (3) These propositions eliminate from the case any questions

arising under section 3852, prohibiting "labor on Sunday;" or section 3759, prohibiting "public boxing," or section 3855, prohibiting the "sale of liquor," etc. (4) Section 3854 prohibits "horse racing, cock fighting, or playing at cards or games of any kind" on Sunday. It contains no inhibition against innocent and harmless athletic games. *First.* The words, "games of any kind," must be construed "*ejusdem generis.*" *Sandiman v. Breach*, 7 Barn. & Cressw. 96; *Reg. v. Whitnash*, 7 Barn. & Cressw. 596; *City v. Laughlin*, 49 Mo. 559; *State v. Bryant*, 90 Mo. 534; *Knox City v. Thompson*, 19 Mo. App. 523. *Second.* The statute in question is a penal and criminal one, and should be strictly construed. *Howell v. Stewart*, 54 Mo. 400; *Fusz v. Spaunhorst*, 67 Mo. 256; *Mantz v. Railroad*, 87 Mo. 278; *State v. Bryant*, 90 Mo. 534. *Third.* Whenever "playing at games" or "gaming" is made an indictable offense, the words imply either some species of gambling, or games which are of an immoral tendency. 2 Wharton on Criminal Law, sec. 1465*b*; 1 Abbott's Law Dic., Tit. Games, p. 528; 1 Rapalje's Law Dic., Tit. Games, p. 561; Bishop on Statutory Crimes, sec. 860; *State v. Nates*, 3 Hill (S. C.) 200; *Bell v. State*, 5 Sneed (Tenn.) 509; *Bew v. Harston*, L. R. 3 Q. B. Div. 456. *Fourth.* Statutes making an indictable offense to permit "unlawful games" held to include cock fighting. *Commonwealth v. Tilton*, 8 Metc. 232; *Squire v. Wishen*, 3 Camp. 140. Horse racing. *Ellis v. Beale*, 18 Me. 337; *Talman v. Shraeder*, 23 Ill. 493; *Cheesman v. State*, 8 Blackf. 332; *Wade v. Denny*, 9 Ind. 35; *Shropshire v. Glasscock*, 4 Mo. 536; *Boynton v. Curle*, 4 Mo. 599. *Fifth.* The "games" prohibited by statutes against Sabbath breaking are those which tend to disturb the repose of the Sabbath. *People v. Dennin*, 42 N. Y. S. Ct. (35 Hun) 327.

SHERWOOD, P. J. — Plaintiff's petition, filed on the —— day of November, 1887, alleges that it is the owner of certain property in the city of St. Louis known as the fair grounds ; that the Amateur Athletic Association and the defendants as members thereof leased from the plaintiff the said grounds and premises, to be used by the said association, its members, and persons to be invited by them on Sunday, the twenty-fifth day of September, 1887, for the athletic games and other sports of the association, and agreed to pay the plaintiff therefor the sum of $1,000 ; that the association and defendants as members thereof used the premises on the twenty-fifth day of September, 1887, in accordance with said agreement, but refused and failed to pay to plaintiff the sum of $1,000.

All the defendants filed a general denial to the petition.

Trial had before the court, and the plaintiff had judgment for the $1,000, and interest. and there was evidence to support the finding. On appeal this judgment was affirmed by the St. Louis court of appeals, THOMPSON, J., delivering the opinion, in which the facts and law are elaborately considered ; but inasmuch as that opinion was opposed to that of *State v. Williams*, 35 Mo. App. 541, delivered by the Kansas City court of appeals, the case was certified here in conformity to the constitutional mandate.

I. There is nothing on the face of the petition herein which indicates any other than a valid contract between the plaintiff and the defendants ; and, when this is the case, the rule is that if the contract is to be invalidated by reason of some extrinsic matter, such matter must be pleaded in order that it be made issuable at the trial, so that it may be considered on appeal. In this case the answer was simply a general denial, and on this point the following authorities apply : *Sybert v. Jones*, 19 Mo. 86 ; *Moore v. Ringo*, 82 Mo. 468 ; *Musser v. Adler*, 86 Mo. 445 ; *Cummiskey*

*v. Williams*, 20 Mo. App. 606. Nor will an appellate court consider an unpleaded defense.

II. The result of the application of these principles is that it eliminates from this cause all questions relating to Revised Statutes, 1889, section 3852, which prohibits labor on Sunday, and to section 3759, prohibiting public boxing, and to section 3855, prohibiting the sale of liquor, etc. None of these sections forbid or punish "athletic games and sports" on Sunday, nor is there any such statute, unless section 3854 is to be considered such a one. That section reads thus: "Every person who shall be convicted of horse racing, cock fighting or playing at cards or games of any kind, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding $50." But these prohibitions are evidently leveled against sports and games that have a demoralizing tendency, and do not extend to mere athletic sports. Besides, this section is penal, and, therefore, to be strictly construed. *Howell v. Stewart*, 54 Mo. 400; *Fusz v. Spaunhorst*, 67 Mo. 256.

III. But, further: In this instance, the words, "*or games of any kind*," fall under the rule which prescribes that where general words follow particular ones they are to be construed as applicable to things or persons of a like nature. *State v. Bryant*, 90 Mo. 534, and cases cited; *St. Louis v. Laughlin*, 49 Mo. 559.

Applying this rule to the case at bar no ground is found on which to question the correctness of the conclusion reached by the trial court, and by the St. Louis court of appeals; consequently, the judgment of that court is affirmed, and this cause will be remanded to that court to be proceeded with in conformity to law. All concur but BARCLAY, J., absent.