GEORGE & LOWE, Respondents, v. ELMER WILLIAMS *et al.*, Appellants.

Kansas City Court of Appeals, April 30, 1894.

1. **Frauds and Perjuries**: ORIGINAL UNDERTAKING.  The evidence in this case is *held* to establish a joint original undertaking of both defendants and not a promise on the part of one of them to pay the debt of the other.

2. **Evidence**: SUFFICIENCY OF.  There is sufficient evidence in this case to authorize the finding that defendants employed the plaintiffs as attorneys.

3. **Pleading**: COMPOUNDING FELONY: DEFENSE.  The petition averred the employment of plaintiffs by defendants to adjust the indebtedness of one of the defendants, and, though there was a reference to the fact that some creditors were threatening criminal proceedings, yet such reference is not a substantive part of the petition, and, on a mere general denial, the defense of compounding a felony can not be inquired into; such defense should be affirmatively pleaded.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

AFFIRMED.

*Frederick W. Griffin* and *Francis M. Hayward* for appellant.

(1) The contract in this case was for compounding a felony and was void.  R. S. 1889, secs. 3681, 3682; Bishop on Contracts, secs. 491–496, 487; *Crisup v. Grosslight*, 44 N. W. Rep. (Mich.) 621; *Barron v.*

*Tucker,* 53 Vt. 338; *Ormerod v. Dennison,* 100 Pa. St.
561; *McBratney v. Chandler,* 22 Kan. 692, 695;
*Marshall v. Railroad,* 16 How. 314; *Janis v. Roentgen,*
52 Mo. App. 114. (2) Eli P. Williams was not con-
nected with the contract for services, *first,* either in
fact, or, *second,* in law. R. S. 1889, sec. 5186;
*Donaldson v. Newman,* 9 Mo. App. 235; *Allen v.
Richards,* 83 Mo. 55; *Springer v. Kleinsorge,* 83 Mo.
152.

*McDougal & Sebree* for respondents.

(1) The evidence supports the verdict against
both defendants. *Ray v. Loper,* 65 Mo. 470; *Nelson
v. Nelson,* 90 Mo. 460; *Commonwealth v. Call,* 21 Pick.
515; *Commonwealth v. Kinney,* 12 Metc. 235; 2 Whar-
ton, Law of Evidence, sec. 1136. (2) The court
properly refused to give defendant's instructions relat-
ing to the illegality of the contract. No such defense
was pleaded, and it could not be raised by instructions
under a general denial. *St. Louis Association v. Delano,*
108 Mo. 217; *Hudson v. Railroad,* 101 Mo. 13; *Musser
v. Adler,* 86 Mo. 445; *Moore v. Ringo,* 82 Mo. 468;
*Kersey v. Garton,* 77 Mo. 645; *Williams v. Mellon,* 56
Mo. 262; *Northup v. Ins. Co.,* 47 Mo. 435; *Cheltenham
Company v. Cook,* 44 Mo. 29; *Sybert v. Jones,* 19 Mo.
86; *Guinotte v. Ridge,* 46 Mo. App. 254; *Cummiskey v.
Williams,* 20 Mo. App. 606. (3) The contract sued
on was a legal contract, complete in itself, and not
dependent on any illegal act for its enforcement. In
such case, even if an illegal act should incidentally
appear, it would not defeat the action. *Tyler v.
Larrimore,* 19 Mo. App. 445; *Parsons v. Randolph,* 21
Mo. App. 360; *Allgear v. Walsh,* 24 Mo. App. 134.

ELLISON, J.—This action is based on an account
for professional services alleged to have been rendered

by the plaintiffs as attorneys at law at the instance and request of defendants. Plaintiffs recovered $800 in the trial court. The facts are that the defendants are father and son and that the defendant, Elmer, the son, became involved in trouble of a civil nature in the state of Mississippi out of which a criminal prosecution was likely to arise. Plaintiffs were partners and were employed to adjust and settle the affair, and for this purpose one of them, Mr. Lowe, went to the state of Mississippi where after much labor he brought the difficulty to a successful and satisfactory settlement.

The point is made by the father that this agreement, if any was made by him, was a promise to pay the debt of another and not being in writing was void by the statute of frauds. The reply to this is that whatever evidence there is to establish an agreement, establishes a *joint* original employment of plaintiffs by defendants. In such case the statute has no application since the promise is an original undertaking, whereby the debt has become, not the debt of another, but the defendant's own debt.

The further point is made that there is no evidence to sustain the verdict against the father as to his being a party to the original employment. It is sufficient reply to this to say that an examination of the testimony has fully satisfied us of the sufficiency of the evidence. There is not much room for more than one conclusion on this branch of the case.

The further point is made that the contract of employment was the hiring of assistance in the compounding of a felony and that, therefore, no recovery should be allowed thereon; as to permit the enforcement of the contract would contravene the public policy of the state. The contract of employment, as declared upon in plaintiffs' petition, was merely for

the purpose of adjusting and settling defendant, Elmer's, indebtedness, aforesaid, in the state of Mississippi. There is a reference in the petition to the fact that the creditors in Mississippi were threatening a prosecution, but it bears no relation to the substantive part of the petition setting out the employment and what the employment contemplated. The answer was a general denial. Under this condition of the case we are not at liberty to examine into the point defendants make, since in order to be available to them it should have been pleaded. *Reese v. Garth*, 36 Mo. App. 651; *The St. Louis Agri. Ass'n v. Delano*, 108 Mo. 217; *Hudson v. Railroad*, 101 Mo. 13; *Guinotte v. Ridge*, 46 Mo. App. 254; *Moore v. Ringo*, 82 Mo. 468; *Musser v. Adler*, 86 Mo. 445. If such defense had been set up in the answer, an investigation could properly have followed in the trial court, *first*, whether a felony had been committed; and, *second*, whether plaintiffs had been employed to aid in compounding it.

We are satisfied that the verdict was for the right party, and we affirm the judgment. All concur.