JULIA L. PAXSON, Respondent, v. ALEX. T. GAST, Appellant.

St. Louis Court of Appeals. Argued and Submitted October 10, 1919. Opinion Filed November 4, 1919.

1. **APPELLATE PRACTICE:** Pleading: Answer: General Denial: Unpleaded Defense Cannot be Considered on Appeal. In an action by an attorney to recover for services rendered, an affirmative defense that plaintiff acted in a dual capacity as attorney for the trustee in bankruptcy and also at attorney for the claimant, etc., cannot be considered in the appellate court where the answer in the case raised no such issue, but is a mere general denial.

2. **INSTRUCTIONS:** Invited Error. In an action by an attorney to recover for services rendered a claimant in a bankruptcy proceeding, an instruction offered by defendant to the effect that if the jury found from the evidence that at the time said services were rendered plaintiff was also attorney for the trustee in bankruptcy, and accepted pay from said trustee for services rendered by him as attorney for said trustee, the plaintiff is not entitled to recover on account of services so rendered by plaintiff in connection with the proof of said claim, while improper, it was an error invited by defendant and plaintiff did not appeal.

3. **ATTORNEY AND CLIENT:** Action for Services: Evidence. In an action by an attorney for services rendered a claimant in a bankruptcy proceeding, *held* it was not error to admit evidence of the fact that the dividend had been collected and its amount.

4. ———: ———: **Value of Services: Evidence.** In an action by an attorney for services rendered a claimant in a bankruptcy proceeding, one item of which was for services in preparing, filing and having allowed by the referee in bankruptcy a claim, etc., for which a charge is claimed of $167.43 for this service, *held* it was not error to exclude testimony that a notary would prepare a notice of a claim for fifty cents.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*John T. Fitzsimmons* for appellant.

(1) With reference to the first assignment of error the court should have sustained appellant's demurrer to the evidence because it clearly appeared upon the testimony of the plaintiff Paxson that, at the time that he rendered all the services sued for, he was attorney for the trustee in bankruptcy, Amazon Rubber Company, and received compensation as such attorney for the trustee. As attorney for the trustee of that company, and also as attorney for a creditor having a bankruptcy claim against that company, he acted in a double capacity, served conflicting interests, and, having asked and received compensation from the trustee in bankruptcy, he could not recover compensation from the creditor. 4 Cyc, p. 982; In re Southern Steel Company, 169 Fed. Rep. 702. In re Strobel, 160 Fed. Rep. 916; McDonald v. Wagner, 5 Mo. App. 56 Stone v. Slattery, 71 Mo. App. 442; In re Bowman, 7 Mo. App. 569; Stewart v. Emerson, 79 Mo. App. 482; 1 Loveland on Bankruptcy (4 Ed.). pp. 256, 257, also p. 240 (and authorities cited); 1 Remington on Bankruptcy (2 Ed.) sec. 851, p. 679 (and authorities cited). (2) Plaintiff's single instruction should not have been given and was defective because (a) it submitted to the jury the question whether "plaintiff rendered such services," in connection with the allowance of the claim, "when not acting as the attorney for the trus-

tee of said bankrupt;" (b) because it was demonstrated completely by plaintiff's own evidence that he was acting at attorney for the trustee at all times that he acted as attorney for the claimant; (c) because it authorized the jury to find for the plaintiff if he rendered the services sued for in connection with the composition agreement "whether he was acting as such attorney or not," i. e., as attorney for the trustee in bankruptcy.   Authorities cited in point 1;   Also: Remington on Bankrupcy (2 Ed.), section, 896, 897. pp. 714, 715.  (3) With reference to the value of plaintiff's services for "preparing, filing and having allowed" a claim for $5,022.50 against the estate of Amazon Rubber Company, a bankruptcy, the dividends paid by the trustee in bankruptcy upon this claim, especially dividends paid after filing of suit and up to the time of trial, were irrelevant, immaterial and highly improper, both in the testimony of the plaintiff and as elements in the opinion testimony of the attorneys who appeared as witnessess for plaintiff.   Smith v. Couch, 117 Mo. App. 267; Kingsbury v. Joseph, 94 Mo. App. 298. (4) The court excluded testimony to the effect that it was a common practice for the clerk of the Referee in Bankruptcy to draw proofs of claims in bankruptcy for fifty cents each, on the ground that the services, rendered by Mr. Paxson, in connection with the claim of Mr. Gast, were the services of a lawyer and not of a clerk or notary public.   This amounted to holding as a matter of law that these services were professional legal services, whereas this was a question for the jury.

*John A. Gilliam* for respondent.

(1) The only pleading by appellant is a general denial (Abs., p. 5).  This pleading does not raise any question of double agency or doubt employment. Beattie Mfg. Co. v. Gerardi, 214 S. W. 189.  (2) There is

no pleading of double agency or double employment, therefore appellant has wasted printer's ink. Bell v. Warehouse Co., 205 Mo. 475, 492, 493.

REYNOLDS, P. J.—Alfred A. Paxson filed his petition in this cause, in which he sets out that he is an attorney and counselor at law, duly admitted to practice in the courts of this State and of the United States, and engaged in the practice of law in St. Louis; that the defendant, Alex. T. Gast, having a subsisting claim and cause of action against the Amazon Rubber Company, a corporation organized under the laws of this State, but which had been adjudged a bankrupt in the United States District Court for this district, and was under process of administration under the bankruptcy laws of the United States, on or about the month of June, 1915, employed plaintiff as his attorney to prosecute his claim and have the same allowed against the estate of the bankrupt corporation and to advise and counsel defendant in and about his interest in the corporation, and to advise defendant as to the method and means of protecting him as a stockholder in the corporation, defendant being at the time a large stockholder therein, and as to the means of securing an extension of time from the creditors of the corporation, and an agreement for a composition with such creditors, in order that the corporation might continue in business; that in pursuance of this enployment, plaintiff performed the services and defendant accepted and received the results of the services and became liable to plaintiff for the reasonable value thereof, which plaintiff avers to be the sum of $267.42, as more particularly set out in an itemized statement which follows  This statement contains two items, the first for services in preparing, filing and having allowed by the referee in bankruptcy a claim for $502.50, on which a dividend of 33⅓ per cent. was declared and paid September 20, 1915, amounting to $1674.17, and on which another dividend of about the same amount, "and possible more," will be declared.

One hundred sixty-seven dollars and forty-two cents is claimed for this. The other item is for services in drawing up an agreement to extend time of payment of the debts of the Amazon Rubber Company, and counsel and advice in an effort to effect a composition at fifty cents on the dollar, with the creditors of the company, in which defendant was largely interested as a stockholder. One hundred dollars is charged for this.

Averring that the charges are reasonable, demand of payment and refusal, plaintiff asks judgment for $267.42.

The answer was a general denial.

On a trial before the court and a jury, the jury returned a verdict in favor of plaintiff in the sum of $167.42. A motion for a new trial was duly filed, overruled and exceptions saved and judgment going in accordance with the verdict, defendant has duly appealed.

Pending the appeal Mr. Paxson, plaintiff, died and his death being suggested, the cause was revived in the name of his widow, Julia L. Paxson.

There was much testimony taken in the case, of which it is sufficient to say that plaintiff testified to the rendition of the services at the request of the defendant and testified as to the value of them as charged. It appeared that the trustee in bankruptcy and plaintiff had offices together; that defendant saw the trustee and asked him whether it was necessary to employ an attorney. The trustee told him that that was usually advisable and introduced him to plaintiff and, according to plaintiff, defendant thereupon employed him, first, as to presentation of his demand of $5000 to the trustee and before the referee against the estate, the demand evidenced by a note, and afterwards to advise defendant in connection with a proposed compromise among the creditors of the bankrupt corporation. Plaintiff also introduced evidence of other witnesses tending to prove the value of his services, that valuation running from ten to a hundred and fifty dollars, as to the

first item, and from twenty to a hundred dollars on the second item.

The defendant testified that he went to see the trustee about proof of his claim to the $5000 note; that this was about June 30, 1915, and that he had never been in the defendant's office before that time, and had never been in his office to consult him about the proposed composition agreement, and had never seen the proposed agreement drawn up by plaintiff until it was produced in court; that he had employed another attorney to attend to the proposed composition. He also introduced evidence tending to contradict that of plaintiff as to the value of the services. Plaintiff introduced testimony in rebuttal of defendant's testimony.

In the course of the trial, defendant introduced evidence to show that plaintiff was also the attorney for the trustee. He also offered evidence to the effect that it was a common practice for the clerk or referee in bankruptcy to draw up proofs of claim and charge fifty cents for it. The latter was excluded.

Defendant also objected to testimony as to the fact of the collection of the dividend. It appeared in evidence that a check was made out by the trustee for $1674.17, the full amount of the first dividend declared; that plaintiff banked it and remitted a check to defendant for $1506.75, that being the amount of the trustees' check less plaintiff's charges. Defendant disputing his right to make this deduction, plaintiff gave defendant a check for the whole amount of the dividend, and then brought this action to recover his fee.

The assignments of error by learned counsel for appellant are, the error of the court in refusing a peremptory instruction in the nature of a demurrer, asked by appellant; to error in giving an instruction at the instance of plaintiff; to error in admitting in evidence on behalf of plaintiff testimony as to the amount of dividends which were declared and paid to appellant upon the allowed claim, after the services "in preparing,

filing and having allowed'' the claim had been rendered by plaintiff; in permitting attorneys who gave opinion evidence in behalf of plaintiff in regard to the reasonable value of the services claimed to have been rendered by plaintiff in preparing, filing and having allowed the claim in bankruptcy, to take into consideration the amount of dividend which was paid; and in sustaining objections of plaintiff to questions of defendant tending to show that services in preparing, filing and having allowed claims against bankrupt estates were, by practice, commonly rendered by the clerk or referee in bankruptcy at a cost of fifty cents as a notary's fee in filling up a blank.

We do not think any of these assignments of error are maintainable.

It is argued in support of the first assignment that the court should have sustained appellant's demurrer to the evidence because it clearly appeared upon the testimony of plaintiff that at the time he rendered all of the services sued for, he was attorney for the trustee in bankruptcy and received compensation as such attorney for the trustee; that as attorney for the trustee and as attorney for the creditor for a bankruptcy claim against the company, plaintiff was acting in a dual capacity; served conflicting interests in having asked and received compensation from the trustee in bankruptcy, and could not recover compensation from the creditor.

Whatever merit there may be in this contention, and a number of authorities are cited by learned counsel for appellant in support of it, it cannot be considered here for the reason that the answer in the case raised no such issue, but is a mere general denial.

In an early case, Sybert v. Jones, 19 Mo. 86, it was held that where a party relies upon the defense that a note was given for a wager upon an election, he must state in his answer, not only that the election was one authorized by the Constitution and laws of the State, but what particular election it was, or he will be pre-

cluded from giving evidence on the subject; that is to say, a defense of that kind is an affirmative defense which must be specifically pleaded.

In Moore v. Ringo, 82 Mo. 468, it was held that where a contract is charged to be champertous, champerty must be specifically pleaded in the answer.

In Musser v. Adler et al., 86 Mo. 445, the plaintiff sued for services rendered defendants, who were involved in litigation, civil and criminal, in the United States Courts and brought suit to recover for the value of these services. The answer was, first, a general denial; second, averment of new matter in which defendants admitted plaintiff rendered the services but that at different times they had paid him a sum which was in full for all the services were worth. The reply admitted these payments but averred that they were rendered before a certain date, except as to two items, for which the plaintiff gave credit.

Among the items of the account filed with the amended petition was one for a thousand dollars for services in preparing papers, etc., in and about procuring a remittance of $10,000 from a fine of $20,000, which had been adjudged against the defendants. Other items were for expenses and services of other attorneys and traveling expenses. It seems that in the course of his services for the defendant the plaintiff Musser found that a compromise of the amount of the fines could not be had unless the proper department at Washington was satisfied that the defendants were unable to pay the fines. It seems that defendants actually had property enough as it was assessed, to pay the fines many times over. Plaintiff told defendants he could not effect a compromise with this showing but that he would take time to study up a plan to make such showing as would justify a compromise. Wherupon defendants, at the instance of the plaintiff, prepared a return for the assessment of their property, cutting down its value very materially and making it appear that the value was very much less than had been supposed. On

this showing the plaintiff, in conjunction with another attorney, got the fines reduced one-half. It does not appear that any objection was made to this testimony as not within the issues. But at the close of the case the trial court directed the jury that if the services sued for consisted in making a false statement of defendant's financial responsibility for the purpose of deceiving the officers and inducing them to remit the whole or part of the fines, then for such services plaintiff could not recover, and that it was unlawful to solicit or procure an officer to do or not to do any act pertaining to the duties of his office and contrary to his judgment, and if that was the purpose of any of the services rendered, then for all such plaintiff could not recover. Referring to this, Judge Hough, speaking for the Supreme Court, said (1. c. 449):

"The character of the defense thus interposed at the close of the trial by prayers for instructions, was to admit that the services were rendered, but to avoid a recovery on the ground that they were illegal and contrary to public policy. Such a defense should be pleaded, and an intelligent issue made thereon. Here it is very clear that the question was raised incidentally, and that, too, at the close of the trial. `It is not enough that evidence may appear tending to establish facts which, if pleaded, would defeat a recovery. The general denial puts in issue the facts pleaded in the petition, not the liability. The facts, from which the law draws the conclusion of non-liability, must be pleaded in the answer when they are not stated in the petition (citing authorities). This defense, so far as pleading is concerned, is not unlike that of champerty, gaming, usury and the like. It is an affirmative defense, and should be clearly and distinctly stated. This was not done, not even attempted in this case."

In Sprague v. Rooney, 104 Mo. 349, 16 S. W., 505, it was held, Judge Sherwood speaking for the court, that in a suit for specific performance it was admissible, under a general denial, to show that a contract, under

seal, in the form of one for sale of land, was in fact a lease, made in violation of the statute against letting premises for bawdy-house purposes. But in St. Louis Agricultural & Mechanical Ass'n v. Delano, 108 Mo. 217, 18 S. W. 1101, the court, Judge SHERWOOD again speaking for it, held (l. c. 220) that where there is nothing on the face of the petition which indicates any other than a valid contract between plaintiff and defendant, the rule is that if the contract is to be invalidated by reason of some, extrinsic matter, such matter must be pleaded in order that it may be made issuable at the trial, so that it may be considered on appeal. The answer in that case was a general denial, and in support of this Sybert v. Jones, Moore v. Ringo, Musser v. Adler, supra, and Cummiskey v. Williams, 20 Mo. App. 606, were cited. The opinion further held (l. c. 221); "Nor will an appellate court consider an unpleaded defense."

In McDearmott v. Sedgwick, 140 Mo. 172, 39 S. W. 776, Sprague v. Rooney, supra was overruled (l. c. 182) and the fact noted that that had been done in St. Louis Agricultural & Mechanical Ass'n v. Delano, supra, the court citing in support of its ruling in McDearmott v. Sedgwick, Sybert v. Jones, Moore v. Ringo, and Musser v. Adler, all supra, quoting from the latter, and saying (l. c. 183): "But when the illegality does not appear from the contract itself or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and must be pleaded in order to be available."

All of these cases are cited and followed in Bell v. Peper Tobacco Warehouse Co., 205 Mo. 475, 103 S. W. 1014. There was attempted to give in evidence and was given in evidence, over the objection of defendant, that plaintiff had been acting in a dual capacity; that he held the public office of Excise Commissioner for three and a half years during the term of his service as manager of the Warehouse Company, and it was contended that any contract by plaintiff with the company for

salary while he was Excise Commissioner was contrary to public policy, and could not be recognized or enforced by the courts. As to this our Supreme Court said (l. c. 492):

"No such defense, however, is pleaded in the answer. Besides, there is nothing on the face of the petition which seems to indicate any other than a valid implied contract between the plaintiff and defendant; and, under such circumstances, if the contract sued upon is sought to be invalidated because of some extraneous matter, it should be pleaded in order that an issue may be raised at the trial which may be considered on appeal."

The above cases are cited (l. c. 493), Musser v. Adler, supra, being quoted from as holding:

"This defense (that services rendered were contrary to public policy) so far as pleading is concerned, is not unlike that of champerty, gaming, usury, and the like. It is an affirmative defense, and should be clearly and distinctly stated."

It is also noted that Sprague v. Rooney, supra, was overruled in McDearmott v. Sedgwick, supra, and that the decision in St. Louis Agricultural & Mechanical Ass'n v. Delano, supra, was contrary to what the same judge had said in Sprague v. Rooney, supra.

It follows from this that the evidence as to the dual capacity of plaintiff, that is, as attorney for the trustee and also as attorney for the claimant in the estate, not having been pleaded, should not have been received as to that and is not to be constituted as a defense on appeal.

Here as in the case of Musser v. Adler, supra, at the close of the case and at the instance of defendant, the court instructed the jury to the effect that if they found from the evidence that "at the time said services were rendered plaintiff was also attorney for the trustees in bankruptcy of said Amazon Rubber Company, and accepted pay from said trustee for services rendered by him as attorney for said trustee, the plaintiff is not

entitled to recover on account of services so rendered by plaintiff in connection with the proof of said claim." This instruction should not have been given. It was an error invited by defendant and plaintiff did not appeal. In the light of the verdict it would seem that the jury did not believe that at the time the services were rendred in the presentation of the claim, plaintiff was then acting as attorney for the trustee, but was so acting when he gave advice as to the composition.

We do not think that there was any error in admitting evidence of the fact that the dividend had been collected and its amount. The value of the services of an attorney to his client depend very largely on the result arrived at in consequence of his efforts, and we think the statement of the petition in this case is broad enough to admit evidence of that fact.

We have considered the instruction given at the instance of the plaintiff and of which appellant complains, but find no error in it. The authorities relied on in support of the attack on this instruction are as cited by appellant under his first point.

There was no error whatever in excluding the testimony that a notary would prepare a notice of a claim for fifty cents. The fact that one man charges a certain amount for one thing, does not necessarily prove that that is its value or that the services rendered by another, particularly an attorney, are not of more value than those of a mere scrivener.

Finding no reversible error against appellant, the judgment of the circuit court is affirmed. _Allen and Becker, JJ., concur.